272 So.2d 675 (1973)
Ann Walls CONSTANT, Individually and as Tutrix, etc., Plaintiff-Appellee-Relator,
v.
STATE of Louisiana, Defendant-Appellant-Respondent.
No. 52078.
Supreme Court of Louisiana.
January 15, 1973.
Rehearing Denied February 19, 1973.
Richard C. Cadwallader, Jonathan C. Harris, Baton Rouge, for plaintiff-applicant.
William J. Guste, Jr., Atty. Gen., Kenneth C. Dejean, Asst. Atty. Gen., for defendant-respondent.
TATE, Justice.
The widow of a National Guardsman brings suit to recover for his wrongful death. He was killed when his jeep overturned *676 en route back to the armory on a day when he was assigned to duty for a make-up drill. The trial court awarded damages to the plaintiff widow for herself and the three dependent children of the marriage, but the court of appeal reversed. 255 So.2d 453 (La.App. 1 Cir. 1971).
The suit was filed pursuant to Act 657 of 1968. This special statute authorized the plaintiff widow to file to recover damages under La.R.S. 29:141 through 144, which affords a remedy to members of the "Louisiana State Guard". However, the decedent was a member of the "Louisiana National Guard"[1], for whom (as will be set forth below) the exclusive remedy provided for work-connected injuries is in workmen's compensation.[2] In granting certiorari, we noted this circumstance and requested briefing. 260 La. 1113, 258 So. 2d 373 (1972).
In argument before this court, both the State and the plaintiff concede that the plaintiff widow's exclusive remedy for the 1966 death of her National Guardsman husband is as provided by La.R.S. 29:39 (1950). They both further concede that the relief under this statutory remedy is permissible under the present pleadings, which gave adequate notice and opportunity to raise all issues and defenses applicable. See La.C.Civ.P. Arts. 862, 865, 1154, 2164, 5051. The relevant facts necessary were indeed introduced for decision of a claim under such statute and of all applicable defenses to it.
La.R.S. 29:39[3], in effect at the time of the decedent's death in 1966[4], relevantly provided for compensation in accordance with our workmen's compensation law for accidental injury or death of a member of the national guard "while attending any drill or formation to which he is ordered by competent authority or while going to or returning from this duty, drill, or other formation * * *."[5]
The essential facts are undisputed. The decedent Constant was ordered by his commanding officer to report for a make-up drill at the armory at 1 P.M. November 5, 1966. The decedent did in fact report there in uniform and to a weapons familiarization *677 class. At some time thereafter, he left the armory in a military jeep, had lunch at his house, and was fatally injured at about 2:30 P.M. while going back to the armory, when his jeep overturned while rounding a curve.
The trial court, noting the lax conditions of personnel and vehicle control, found no proof that his short absence from the post or his use of the military vehicle was unauthorized. In reversing, the court of appeal found there to be insufficient evidence that the decedent had permission to leave the armory or that he was using the jeep for official purposes.
Whatever relevance these factual issues may have had under the theory upon which this case was based in the trial and intermediate courts, we do not find their resolution material to the cause of action under La.R.S. 29:39, upon which our own decision is based.
The cited statute was designed to afford a broad compensation remedy for duty-connected injuries to citizen-soldiers of the National Guard, apparently desiring to protect them and their dependents against injury or death caused by the disruption of their civilian lives through their part-time devotion to national defense preparations. It provides workmen's compensation benefits not only for accidental injuries or death incurred while on duty in actual service, but also while attending any drill to which ordered by competent authority, or, relevantly, while going to or returning from such drill.
Under the present undisputed facts, the decedent suffered his fatal injury while he was going to such drill, which he had been ordered to attend by competent authority. His widow and dependent children are therefore entitled to recover workmen's compensation benefits under the cited statute, La.R.S. 29:39 (1950). We agree with the plaintiff's contention that, under the terms of the statute, it makes no difference whether the decedent was injured en route to the drill for the first time and whether while going back in uniform after his brief visit home.
The State persuasively argues, however, that recovery should be disallowed, if we find the absence from the drill to be unauthorized, because La.R.S. 29:39 also provides (see Footnote 3): "No compensation shall be paid unless the injury or death arose out of and in the course of the service."[6] Reading this now-repealed statute as a whole, however, and affording it the liberal construction required for such a remedial statute, the present accident during duty hours arose out of "the service" which (unlike the general compensation law) specifically included not only attendance at the drill but also going to or returning from it. It was, so to speak, service-connected within the broad statutory definition.
The plaintiff widow and the decedent's children are therefore entitled to recover workmen's compensation benefits as provided by the law in effect at the time of the decedent's death in 1966, as well as reasonable medical and funeral expenses as thereby provided. Subject to the statutory maximum, these benefits are to be calculated on the basis of a weekly rate of pay, calculated under La.R.S. 23:1021(11) (1950) before its 1968 amendment, i. e., by determining the daily rate of pay and multiplying by the six-day work-week then envisaged by the statute. Hoffman v. City of New Orleans, 240 La. 943, 125 So.2d 774 (1961); Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399 (1956); Malone, Louisiana Workmen's *678 Compensation Law, Section 323 (1951, esp. 1964 pocket part).
Reviewing the record, we find it to be inconclusive as to the decedent's daily rate of pay. This case shall therefore be remanded to the trial court for purposes of taking further evidence, if necessary, and making a determination as to this factual issue, as well as for awarding judgment for compensation and funeral and medical expenses, in accordance with the views above expressed.
For the reasons assigned, we reverse the judgment of the court of appeal and remand this case to the Nineteenth Judicial District Court for further proceedings consistent with the views expressed herein. The defendant State is to pay all costs taxable to it by law.
Reversed and remanded.
NOTES
[1] The distinction between the Louisiana National Guard and the Louisiana State Guard is clarified by La.R.S. 29:27(A).
[2] By the general statutes cited in the text, the State has waived any immunity it has for suits for workmen's compensation. The chief relevant effect of the special act is its express waiver of the right of the State to plead any prescription which may have accrued, as specifically authorized by La.Const. Art. 3, Section 35 (as amended in 1960). See Gilmore v. State. 79 So.2d 192 (La.App.1st Cir. 1955).
[3] La.R.S. 29:39 (1950) in full provides:

"Every member of the national guard who is accidentally injured, or his dependents if he is accidentally killed, while on duty in the service of the state or while attending any drill or formation to which he is ordered by competent authority or while going to or returning from this duty, drill, or other formation, shall be compensated by the state in accordance with the workmen's compensation law.
"No compensation shall be paid by the state for injury or death occurring while in the service of the United States of America or while going to or returning from this service, except while going to, attending, or returning from armory drill.
"No compensation shall be paid unless the injury or death arose out of and in the course of the service. Before any claim is certified for payment, proof that the applicant is entitled to payment shall be made in accordance with regulations prescribed by the adjutant general. For the purpose of this Sub-part, the minimum payment of compensation is six dollars per week. Otherwise, the provisions of the workmen's compensation law apply." (Italics ours.)
[4] The enactment was repealed by Act 51 of Extraordinary Session of 1968, which substituted for it a general workmen's compensation remedy enacted as La.R.S. 23:1211 (1968).
[5] The italicized provision, providing compensation coverage while going to or returning from drill, was not retained in the 1968 compensation remedy, La.R.S. 23:1221, substituted for the cited statute, La.R.S. 29:39, upon its repeal. See Footnote 4 above.
[6] As stated in Kern v. Southport Mill, 174 La. 432, 141 So. 19, 21, a leading case on the subject: For purposes of the workmen's compensation act, "an accident occurs in the course of an employment when it takes place during the time of such employment" and it arises out of the employment when it is "the result of some risk to which the employee is subjected in the course of his employment to which he would not have been subjected had he not been so employed".