457 So.2d 314 (1984)
Stephen B. HARRELL, Plaintiff-Appellant,
v.
The MILITARY DEPARTMENT, State of Louisiana (Army National Guard), Defendant-Appellee.
No. 84-266.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
*315 Fontenot & Mitchell, John Clyde Fontenot, Ville Platte, for defendant-relator.
Boatner & Luke, R.H. Luke, Bunkie, for plaintiff-respondent.
Before FORET, STOKER and KNOLL, JJ.
FORET, Judge.
Plaintiff, Stephen B. Harrell, filed a worker's compensation action against defendant, The Military Department, State of Louisiana (Army National Guard), seeking compensation for injuries he sustained while on a monthly drill assignment with the Louisiana National Guard. Defendant filed an exception of improper venue and exceptions of no cause and no right of action, all of which were overruled by the trial court. Defendant applied for, and this Court granted, writs to consider the trial court's ruling. We affirm.
Our consideration of the trial court's ruling presents us with two issues:
(1) Whether a parish, which is both the place where the accident occurred and the domicile of the claimant, is a place of proper venue to bring a workmen's compensation action against the Military Department, State of Louisiana.
(2) Whether a member of the National Guard who is injured while on a regularly scheduled monthly drill assignment has a cause of action under Louisiana worker's compensation laws.

FACTS
On November 7, 1980, plaintiff, Stephen B. Harrell, was injured in an automobile accident in Evangeline Parish. At the time of the accident, plaintiff was on weekend duty as a member of the Army National Guard. Plaintiff, a domiciliary of Evangeline Parish, filed suit in the Thirteenth Judicial District for the Parish of Evangeline, seeking worker's compensation benefits from defendant, The Military Department, State of Louisiana. Defendant filed timely exceptions of improper venue, no cause of action, and no right of action. After a hearing in which no testimony was given, the trial judge overruled all of defendant's exceptions.
When the overruling of an exception is arguably incorrect, where reversal would terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigant dictate that the merits of an application for supervisory writs should be decided, in an attempt to avoid the waste of time and expense of a possible future trial on the merits. Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). Based on this principle of law, we granted writs in this matter to consider the trial court's overruling of defendant's exceptions.

IMPROPER VENUE
Defendant contends that the trial court erred in overruling its exception of improper venue. Defendant argues that the place of proper venue is East Baton Rouge Parish based on LSA-R.S. 23:1312. Defendant's argument overlooks the fact that R.S. 23:1312 was amended effective July 1, 1983. R.S. 23:1312 now reads, in pertinent part:
"A. Subject to R.S. 23:1310 through 1311, a suit against the state under this Chapter may be instituted in the Nineteenth Judicial District Court, in the district court of the domicile of the employee, or in the district court of the parish in which the injury occurred, and any suit against a public board, commission, or agency of the state by an employee entitled to bring suit under the provisions of this Chapter may be instituted in the district court of the domicile of the employee or in the district court of the parish in which the injury occurred."
It is clear that under R.S. 23:1312 as amended, Evangeline Parish is the place of proper venue since it is both the place where the accident occurred and plaintiff's domicile. The instant suit was filed on *316 July 11, 1983, after the amendment to R.S. 23:1312 became effective. An amendment to a procedural law will be given retroactive application in the absence of language showing contrary intent. Fullilove v. U.S. Casualty Company of New York, 129 So.2d 816 (La.App. 2 Cir.1961), cert. denied, June 22, 1961 (no citation found). Accordingly, the applicable law was the statute as amended and the trial court properly overruled defendant's exception of improper venue.

WORKER'S COMPENSATION
Defendant contends that a national guardsman on active duty during a regularly scheduled monthly drill is not covered by Louisiana's Worker's Compensation Law. Defendant argues that LSA-R.S. 23:1211 only makes Louisiana worker's compensation laws applicable to guardsmen on active duty during a state of emergency declared by the governor. R.S. 23:1211 provides that:
"A. Every member of the national guard who is accidentally injured, or his dependents if he is accidentally killed, while on active duty during a state of emergency declared by the governor and for the duration of such emergency as declared by the governor, shall be compensated by the state in accordance with the worker's compensation law, including but not limited to such medical, surgical and hospital services and medicines and such disability and death benefits as are authorized by said worker's compensation law.
B. No compensation shall be paid by the state for injury or death occurring while in the service of the United States of America or while going to or returning from this service.
C. No compensation shall be paid unless the injury or death arose out of and in the course of the service. Before any claim is certified for payment, proof that the applicant is entitled to payment shall be made in accordance with regulations prescribed by the adjutant general. The amount payable as compensation may be commuted to a lump sum settlement by agreement of the parties. In computing the weekly benefit hereunder, either the weekly wages from the member's principal civilian employment or his weekly military wages, whichever is larger, will be used. Otherwise, the provisions of the worker's compensation law apply.
D. Except as provided in Subsection C hereof, the provisions of this section and of no other law shall govern the compensation benefits payable to members of the national guard."[1]
In Chapman v. Belden Corporation, 414 So.2d 1283 (La.App. 3 Cir.1982), reversed in part on other grounds, 428 So.2d 396 (La.1983), we rejected the view that the effect of R.S. 23:1211 was to limit the applicability of Louisiana's worker's compensation laws to guardsmen on active duty during a state of emergency declared by the governor. In Chapman, we found that a national guardsman involved in a weekend drill was covered by the Louisiana worker's compensation laws. In reaching that decision, we concluded that R.S. 23:1211 was intended to allocate the liability for worker's compensation benefits between the state and federal governments depending upon in whose service the member was acting at the time of injury, and that sub-section (A), which deals with compensation for injuries sustained during a state of emergency, was not meant to limit state coverage but rather, to expand it to those situations where the governor had declared a state of emergency.
In his brief, defendant seeks to distinguish the present case from Chapman on the basis that while Chapman had received no compensation for his injuries from the federal government, this plaintiff has received such compensation. However, we find that the effect, if any, of the compensation which plaintiff has received *317 from the federal government on his right to recover under Louisiana worker's compensation laws is beyond the scope of our examination of this matter. The fact of plaintiff's having received compensation from the federal government was not pleaded as grounds for defendant's exceptions. LSA-C.C.P. Art. 924 requires that all exceptions "... state with particularity the objections urged and the grounds thereof...". Furthermore, no evidence was introduced in the court below concerning any compensation defendant received or was receiving from the federal government. We cannot take cognizance of matters which do not appear in the record and are only brought before this Court by way of parties' briefs. Leger v. Delano Plantation, Inc., 350 So.2d 377 (La.App. 3 Cir. 1977). Unable to reach the issue of compensation received by plaintiff from the federal government, we conclude that the trial court correctly overruled defendant's exceptions of no right and no cause of action.

DECREE
For the foregoing reasons, the trial court's rulings are affirmed. Accordingly, the writ previously granted by this Court is hereby recalled and the matter is remanded to the trial court for further proceedings.
Assessment of costs of this appeal as well as trial court costs shall await final disposition of this litigation.
WRIT RECALLED, MATTER REMANDED.
NOTES
[1] A 1983 amendment did not substantively change the statute, only substituting "worker's compensation" for "workmen's compensation".