463 So.2d 56 (1985)
Stephen D. LOGAN, Plaintiff-Appellant,
v.
Louis W. ROCHESTER, et al., Defendants-Appellees.
No. 84-12.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Jerald R. Harper, Cook, Yancey, King & Galloway, Shreveport, for plaintiff-appellant.
Blanchard, Walker, Quinn & Roberts, L. David Cromwell, Shreveport, for defendants-appellees.
Before GUIDRY, FORET and LABORDE, JJ.
LABORDE, Judge.
Plaintiff-appellant, Stephen D. Logan, was injured within the course and scope of *57 his obligation as a Louisiana National Guardsman, during the annual training exercises at Fort Polk. At that time, on June 10, 1981, he was riding in a military Jeep that was being driven by defendant-appellee, Louis W. Rochester. After the vehicle accelerated while overtaking and passing other vehicles in a convoy, the vehicle suddenly overturned, resulting in serious injuries to Logan, including a cracked vertebra, broken pelvis, broken sacrum, and other serious back and spinal injuries. Since the time of his injury, Logan has been required to undergo hospitalization and other treatment, and he has suffered extensive pain and loss of a normal range of activities. Logan filed suit against the driver of the Jeep, Louis W. Rochester, the State of Louisiana, and the manufacturer of the Jeep, alleging several causes of action which include tort, strict liability, products liability, and workers' compensation. Subsequently, Louis W. Rochester and the State of Louisiana filed a motion for partial summary judgment, arguing that Logan has no remedy in tort against them, but rather that his remedy lies solely in worker's compensation. The motion was sustained by the trial court and Logan appeals from this ruling. He argues that he has a remedy in tort against defendants-appellees. We affirm the judgment of the trial court.

ISSUE
The issue is whether the trial court was correct in sustaining defendants' motion for a partial summary judgment, thereby denying the plaintiff a remedy against these defendants in tort.

DISCUSSION
Defendants-appellees argue that, under La.R.S. 23:1211[1], Logan may only recover worker's compensation benefits. Conversely, Logan argues that this statute is applicable only during "a state of emergency declared by the governor."
In Chapman v. Belden Corp., 414 So.2d 1283 (La.App. 3d Cir.1982), rev'd in part on other grounds, 428 So.2d 396 (La.1983), the plaintiff suffered a heart attack at home some five hours after completing his national guard duties. He argued that, under R.S. 23:1211, he was entitled to workmen's compensation benefits. Conversely, the State argued that workmen's compensation was applicable only during "a state of emergency declared by the governor." The trial court denied defendant's motion for summary judgment, and subsequently awarded workmen's compensation benefits to plaintiff. In affirming the trial court on this issue, this court stated:
"As we construe it, the act was intended to allocate the liability for workmen's compensation benefits between the state and federal governments, depending upon in whose service the member was acting at the time of the injury, and to expand state coverage to those situations where a state of emergency has been declared by the governor. In reaching this result we rely particularly on the *58 last section of sub-section (c) which provides that `Otherwise, the provisions of the workmen's compensation law apply.' Affording R.S. 23:1211 a liberal construction, as is proper with all remedial statutes, requires us to conclude that the trial court's action in this respect was appropriate."
414 So.2d at 1288.
This interpretation is in accord with the policy behind the workmen's compensation law, which favors the adequate compensation of all injured employees regardless of fault over full compensation in tort damages to employees injured as a result of fault and no compensation for those injured without any assignable fault.
Under the holding in Chapman, any national guard member injured in the course and scope of his duty must be adequately compensated regardless of fault. See also Harrell v. The Military Department, State of Louisiana (Army National Guard), 457 So.2d 314 (La.App. 3d Cir.1984).
It is noted that the statute which was supplanted by section 1211 provided benefits for injury or death of a guardsman arising out of his commonplace duties, and this coverage was not limited to any state of emergency. See Constant v. State, 272 So.2d 675, 676 & n. 4 (La.1973).
For the above reasons, the judgment of the trial court is affirmed. Costs are assigned to plaintiff-appellant, Stephen D. Logan.
AFFIRMED.
NOTES
[1] La.R.S. 23:1211 states:

"A. Every member of the national guard who is accidentally injured, or his dependents if he is accidentally killed, while on active duty during a state of emergency declared by the governor and for the duration of such emergency as declared by the governor, shall be compensated by the state in accordance with the worker's compensation law, including but not limited to such medical, surgical and hospital services and medicines and such disability and death benefits as are authorized by said worker's compensation law.
B. No compensation shall be paid by the state for injury or death occurring while in the service of the United States of America or while going to or returning from this service.
C. No compensation shall be paid unless the injury or death arose out of and in the course of the service. Before any claim is certified for payment, proof that the applicant is entitled to payment shall be made in accordance with regulations prescribed by the adjutant general. The amount payable as compensation may be commuted to a lump sum settlement by agreement of the parties. In computing the weekly benefit hereunder, either the weekly wages from the member's principal civilian employment or his weekly military wages, whichever is larger, will be used. Otherwise, the provisions of the worker's compensation law apply.
D. Except as provided in Subsection C hereof, the provisions of this section and of no other law shall govern the compensation benefits payable to members of the national guard."