494 So.2d 1292 (1986)
Ida TURNER, et al, Plaintiffs-Appellees,
v.
STATE of Louisiana, Defendant-Appellant, and
William B. Sudduth, Jr., Defendant.
No. 18021-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1986.
*1294 Raymond Lee Cannon, Tallulah, for plaintiffs-appellees.
William J. Guste, Jr., Atty. Gen., Charles E. Welsh, Asst. Atty. Gen., Shreveport, for defendant-appellant State.
COON and COON by J. Norman Coon, Jr., Monroe, for defendant William B. Sudduth.
Before HALL, C.J., and SEXTON and NORRIS, JJ.
HALL, Chief Judge.
Plaintiffs, Wanda Sue Clark, Cora Mae Jones, Patricia Ann Harris, and Jolitha Turner, young adult females at the time of the incident, and Ida and Dave Turner, parents of Wanda, Jolitha, and Patricia, at whose home the incident complained of took place, sued defendants, Sgt. William B. Sudduth, Jr. and the State of Louisiana for unauthorized sexual batteries, trespass, and invasion of privacy. The district court awarded plaintiffs damages and the state appeals contending the court erred in concluding Sgt. Sudduth was an employee of the state acting within the scope of his employment and, alternatively, that the damage awards were excessive. Sudduth did not appeal or answer the appeal.
The four young women wanted to join the Louisiana National Guard (LNG). They contacted Sgt. Sudduth, a recruiting officer for the LNG, concerning induction into the guard. On September 25, 1981 Sgt. Sudduth interviewed the young women at the Turner home and deceived them into believing that he had authority to conduct a physical examination. Sudduth proceeded to examine each female's breasts, rectal area, and vagina. After being denied admission to the National Guard and upon learning the sergeant was not authorized to conduct the physical, the young women, joined by Mr. and Mrs. Turner, filed suit.
At trial Sgt. Sudduth denied that he performed the physical examinations. The trial court rejected his testimony, the preponderance of the evidence being to the contrary. On appeal, the state concedes the incident took place as described by the plaintiffs.
The trial court found the sergeant to be an employee of the state acting within the scope of his employment and entered judgment against Sudduth and the State of Louisiana, in solido, in the total amount of $44,000. Each young woman was awarded $8,500 and the Turners were each awarded $5,000.
The issues on appeal are:
1. Was Sudduth an employee of the state?
2. If so, was he acting within the course and scope of his employment?
3. Were the damage awards excessive?

WAS SERGEANT SUDDUTH AN EMPLOYEE OF THE STATE?
The state argues that Sudduth was a federal employee because he was paid by the federal government and worked under regulations promulgated by the Department of the Army. The state further points out that Sudduth was ordered to active duty by the Secretary of the Army.[1]
The fact that Sudduth was paid by the federal government and worked under federal regulations are factors to be considered in determining employment, but they are not controlling. In Maryland v. U.S., 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965), the U.S. Supreme Court held civilian employees and military members of the national guard to be state employees despite the fact that they were paid with federal funds and adhered to strict federal requirements.
Further, the fact that Sudduth may have been an employee of the United States does not preclude a finding that he *1295 was also an employee of the state as a "borrowed" or "shared" employee. LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978); Cappo v. Vinson Guard Service, Inc., 400 So.2d 1148 (La.App. 1st Cir. 1981); State Farm Mut. Auto. Ins. Co. v. LeBlanc, 460 So.2d 673 (La.App. 1st Cir. 1984), writ denied, 462 So.2d 653 (La.1985); Thompson v. New Orleans Public Belt R.R., 373 So.2d 1312 (La.App. 4th Cir.1979).
The single most important factor to consider in deciding whether an employer-employee relationship exists is the right of the employer to control the work of the employee. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (La.1968); Roberts v. State, Through Louisiana Health and Human Resources Administration, 404 So.2d 1221 (La.1981).
Sgt. Sudduth was a member of the LNG. As a recruiting officer he solicited potential inductees for the state national guard. His uniform was furnished by the guard. Sudduth testified he worked for the LNG and the record established that he received his orders from the state Adjutant General. The LNG is part of the state military department which is under the administration of the state Adjutant General. LSA-R.S. 29:3 and 29:11. Thus, the evidence indicates the state had the right of control over Sudduth's activities as a recruiting officer.
Applying general principles of the master-servant doctrine, we conclude that an employer-employee relationship existed between the State of Louisiana and Sgt. Sudduth.
See and compare Chapman v. Belden Corp., 414 So.2d 1283 (La.App. 3d Cir. 1982), rev'd in part on other grounds, 428 So.2d 396 (La.1983), and Harrell v. Military Dept., 457 So.2d 314 (La.App. 3d Cir. 1984). In both cases, the Third Circuit held national guardsmen to be employees of the state for worker's compensation purposes. In Logan v. Rochester, 463 So.2d 56 (La. App. 3d Cir.1985), the Third Circuit held worker's compensation provided the sole remedy of a national guardsman against the state for injuries received in an accident while engaged in a training exercise. Worker's compensation benefits were also awarded to the survivors of a national guardsman in Constant v. State, 272 So.2d 675 (La.1973). See also Marler v. State of Louisiana, 78 So.2d 26 (La.App. 2d Cir. 1955) in which the state was held liable for damages caused by the negligence of a member of the Louisiana National Guard while on duty.

WAS SGT. SUDDUTH ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT?
An employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment. LSA-C.C. Art. 2320. In LeBrane v. Lewis, 292 So.2d 216 (La.1974), the Louisiana Supreme Court considered the following factors in determining whether an employer should be held liable for the acts of his employee: (1) whether the tortious act was primarily employment rooted; (2) whether the act was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether it occurred during the hours of employment. It is not necessary that all four factors be met in order to find liability. There are no magical requirements and each case must be decided on its own merits. Miller v. Keating, 349 So.2d 265 (La. 1977).
If the tortious conduct of the employee is so closely connected in time, place, and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interests, it can then be regarded as within the scope of the employee's employment, so that the employer is liable in tort to third persons injured thereby. LeBrane v. Lewis, supra.
Sudduth's battery upon the young women was closely connected in time, place, and causation to his employment duties. The sergeant visited the girls in his *1296 capacity as a recruiting officer after they expressed a desire to enter the LNG. The Turner home where the incident occurred was located in Tensas Parish which was part of the recruiting area assigned to Sgt. Sudduth and the incident occurred during working hours. During the interview process, he mislead the young women into believing that he had authority to conduct a physical examination. Thus, the tortious conduct committed by Sgt. Sudduth was reasonably incidental to the performance of his duties as a recruiting officer although totally unauthorized by the employer and obviously motivated by his personal interests. Furthermore, the sergeant's actions were so closely connected to his employment duties that the risk of harm faced by the young women was fairly attributable to his employer, who had placed the sergeant in a position of trust and authority in contacting young persons for recruitment into the guard. See Applewhite v. City of Baton Rouge, 380 So.2d 119 (La.App. 1st Cir. 1979) in which the City was held liable for the conduct of police officers who used their position of trust and authority to order the plaintiff into their patrol car where they raped her.
Sudduth's conduct, we conclude, was within the scope of his employment. The State of Louisiana is thus answerable in damages for the injuries sustained by the plaintiffs.
A strong argument could be made, but is not made, by the state for a contrary result. Although the state in brief mentions that scope of employment is an issue on appeal, no further argument or citation of authority is made on the issue. Numerous cases have found no liability on the part of the employer where the employee's tortious actions were motivated by purely personal interests, even though the intentional tort complained of occurred while the employee was on the job. See, for example, Scott v. Commercial Union Insurance Co., 415 So.2d 327 (La.App. 2d Cir.1982); McClain v. Holmes, 460 So.2d 681 (La.App. 1st Cir. 1984); and Posey v. Fabre, 369 So.2d 237 (La.App. 4th Cir.1979). These cases are difficult to distinguish from the instant case, and perhaps are distinguishable only as a matter of degree of departure from employment functions, nature of the tort, and nature of the employee's position and duties. In any event, we have considered the issue, taking into account authorities that would support the state's position, and, in a close call, hold the state as employer legally accountable for the employee's intentional tort under the facts of this case for the reasons previously discussed.

WERE THE AWARDS TO THE PLAINTIFFS EXCESSIVE?
Appellate review of awards for general damages is limited to determining whether the trial court abused its great discretion. Greer v. Ouachita Coca-Cola Bottling Co., 420 So.2d 540 (La.App. 2d Cir.1982). The trial court awarded the young women $8,500 each. While the women are entitled to recover for an unauthorized sexual battery, a careful reading and analysis of the record reveals the finder of fact clearly abused its discretion in making the awards.
Each woman testified simply that she was embarrassed and mortified upon learning Sgt. Sudduth did not have authority to conduct the physical. However, none of them testified they received any physical harm or damages as a result of the incident. There was no testimony that the young women suffered any serious psychological or lasting emotional harm as a result of undergoing the unnecessary examination. All were adults, one was married, and two of the four had children. Furthermore, the testimony adduced at trial revealed that the physical was not conducted in a manner to sexually arouse any of the young women.
A reviewing court cannot, however, substitute its judgment as to what it considers to be an appropriate award on the basis of the evidence; it can only lower the excessive award to the highest point which was reasonably within the discretion afforded the trier of fact. Accordingly, the awards to the four young women are reduced to $4,000 each which we regard to be the *1297 highest amount within the trial court's discretion. The judgment against the state will be amended to that effect.
The trial court awarded the Turners $5,000 each for trespass and invasion of privacy. The state contends there is no legal basis for this award. We agree.
The right to privacy includes the right to be free of unwarranted intrusion into one's own quarters. However, this right may be lost by express or implied consent. Parish National Bank v. Lane, 397 So.2d 1282 (La.1981). Here, the young women, with authority to do so, gave consent for Sgt. Sudduth to come into the Turner home. Sgt. Sudduth was in the home on military business at the invitation of and with the consent of adult members of the Turner household. There was no trespass. Neither was there an invasion of the Turners' right to privacy. The wrong committed by the sergeant was directed at the young women and not at the Turners or their privacy rights. The Turners were not present when the tortious conduct took place. One cannot recover in tort for mental anguish resulting from injury suffered by another. Jenkins v. Ouachita Parish School Board, 459 So.2d 143 (La.App. 2d Cir.1984), writ denied, 462 So.2d 652 (La. 1985). Accordingly, the awards to the Turners must be reversed and set aside.
Since Sudduth did not take an appeal, the judgment against him is final and he cannot benefit from the relief granted to the state on appeal.

DECREE
The judgment of the district court is amended to reduce the awards to plaintiffs, Wanda Sue Clark, Cora Mae Jones, Patricia Ann Harris, and Jolitha Turner, against the State of Louisiana from $8,500 each to $4,000 each. The judgment in favor of plaintiffs, Ida and Dave Turner, is reversed and set aside and judgment is rendered rejecting their demands against the State of Louisiana. Otherwise, as amended and reversed in part, the judgment is affirmed. Costs of the appeal are assessed against the State of Louisiana.
AMENDED IN PART, REVERSED IN PART, AND AFFIRMED.
NOTES
[1] Plaintiffs also sued the United States in federal district court. Their action was dismissed as falling within an assault and battery exception of the Federal Tort Claims Act. The federal district court also found that the sergeant was acting for purely personal reasons outside the scope of his employment. See Turner v. United States, 595 F.Supp. 708 (W.D.La.1984).