502 So.2d 121 (1986)
Larry McGEE
v.
STATE of Louisiana, et al.
No. CA-6178.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 1986.
Writ Denied February 20, 1987.
Fernand L. Laudumiey, III, Rudman, Howard, Laudumiey & Mann, New Orleans, for plaintiff.
Paul M. Davenport, Jr., Kelly, Davenport & Hogg, New Orleans, for defendant.
Before BARRY, WILLIAMS and ARMSTRONG, JJ.
BARRY, Judge.
Larry McGee appeals an adverse summary judgment granted in his workmen's compensation suit for partial disability as a result of an accident during a National Guard weekend drill.
On May 2, 1982 McGee, a sergeant in the Louisiana National Guard, was attending routine weekend duty. During a one mile run he suffered a minor stroke, fell into a ditch and received spinal injuries including a ruptured cervical disc. Following surgery McGee returned to limited duty in January 1983, but on June 5, 1985 he was honorably discharged as medically unfit for duty.
At the time of the accident La.R.S. 23:1211[1] provided:
A. Every member of the national guard who is accidentally injured, or his dependents if he is accidentally killed, while on active duty during a state of emergency declared by the governor and for the duration of such emergency as declared by the governor, shall be compensated by the state in accordance with the worker's compensation law, including but not limited to such medical, surgical and hospital services and medicines and such disability and death benefits as are authorized by said workmen's compensation law.
B. No compensation shall be paid by the state for injury or death occurring while in the service of the United States *122 of America or while going to or returning from this service.
C. No compensation shall be paid unless the injury or death arose out of and in the course of the service. Before any claim is certified for payment, proof that the applicant is entitled to payment shall be made in accordance with regulations prescribed by the adjutant general. The amount payable as compensation may be commuted to a lump sum settlement by agreement of the parties. In computing the weekly benefit hereunder, either the weekly wages from the member's principal civilian employment or his weekly military wages, whichever is larger, will be used. Otherwise, the provisions of the workmen's compensation law apply.
D. Except as provided in Subsection C hereof, the provisions of this section and of no other law shall govern the compensation benefits payable to members of the national guard.
The statute has been construed in three cases from the Third Circuit. In Chapman v. Belden Corporation, 414 So.2d 1283, 1288 (La.App.3d Cir.1982), reversed on other grounds 428 So.2d 396 (La.1983), a guardsman suffered a heart attack at home after a Saturday drill. The court correctly noted "the act was intended to allocate the liability for workmen's compensation benefits between the state and federal governments, depending upon in whose service the member was acting at the time of the injury...." However, the court then focused on the last sentence of R.S. 23:1211 C: "Otherwise, the provisions of the worker's compensation law apply." That sentence was construed to generally cover guardsmen and "to expand state coverage to those situations where a state of emergency has been declared by the governor." 414 So.2d at 1288. Chapman was reversed by the Supreme Court after it concluded that Chapman's heart attack did not arise out of or in the course of his guard duty. 428 So.2d 396 (La.1983).
La.R.S. 29:39,[2] predecessor of R.S. 23:1211, was interpreted by the Supreme Court to cover a guardsman who left the armory in a jeep during a make-up drill, had lunch at home, and was killed on his way back to the armory. Constant v. State, 272 So.2d 675 (La.1973). The statute clearly intended such coverage with its broad language. Although Constant's injury fell under R.S. 29:39, the Supreme Court noted that statute was repealed in 1968 and some of its coverage was omitted in R.S. 23:1211. 272 So.2d at 676, n. 5.
The first two and last sentences of R.S. 23:1211 C were taken verbatim from R.S. 29:39. However, R.S. 23:1211 A and B narrowed the coverage to "while on active duty during a state of emergency declared by the governor."
Provisions in an obsolete statute omitted from the more recent legislation cannot be applied. 2A Sutherland, Statutes and Statutory Construction § 51.04 (4th Ed. 1984) [Sutherland]. Legislative language will be interpreted on the assumption the legislature was aware of the existing statutes, the rules of construction, and judicial decisions. If a change occurs in the language, a change was intended in the legislative result. Sutherland at § 45.12.
*123 Section 3 of Acts 1968, Ex.Sess. No. 51, which enacted R.S. 23:1211, provides that all laws in conflict "and particularly the provisions of R.S. 29:39" were repealed. The purpose of Act No. 51 was declared to add a new section, R.S. 23:1211, "to provide with respect to compensation benefits for members of the National Guard injured or killed while on active duty during a state of emergency declared by the governor." (our emphasis)
The two other Third Circuit opinions, Harrell v. the Military Department, State of Louisiana (Army National Guard), 457 So.2d 314 (La.App.3d Cir.1984), and Logan v. Rochester, 463 So.2d 56 (La.App.3d Cir. 1985) rely on Chapman and its faulty statutory interpretation.
A recent First Circuit opinion also relies upon the interpretation of the Third Circuit opinions, but goes one step further to read La.R.S. 23:1211 B and C "to mean that State benefits are not payable when United States benefits are payable, and State benefits are payable when United States benefits are not." Lucas v. The Military Department, State of Louisiana, 498 So.2d 161, 166 (La.App. 1st Cir.1986). The First Circuit concluded that national guardsmen are not covered by state compensation benefits when there is entitlement to United States benefits and reversed the award of State benefits to Lucas who had already collected federal benefits.
We believe compensation coverage to national guardsmen is limited by the statute itself. The unambiguous language of R.S. 23:1211 must be held to mean what it plainly expresses. Sutherland at § 46.01. Its clear intent is to limit compensation coverage to injuries sustained on active duty during a state of emergency.
This conclusion is buttressed by the 1985 amendment to R.S. 23:1211 which clarified Subsection C, probably in response to Chapman, Harrell and Logan. Subsection C[3] now contains the restriction (previously enunciated only in Subsection A) that benefits will be paid only when the injury occurs in the course of service "while on active duty during a state of emergency declared by the governor and only for the duration thereof and for no other kind of service whatsoever."
Acts 1985 No. 973 states its purpose to be "to provide that no compensation shall be paid unless the injury or death arose out of and in the service while on active national guard duty during a state of emergency declared by the governor." That is the same intent expressed in the 1968 amendment. Since a reenactment without a change indicates approval of the interpretation of the statute rendered prior to it, Sutherland at § 45.12, the change in Subsection C expressly reflects the legislature's disapproval of Chapman, Harrell, and Logan.
The trial court relied on the fact that McGee was paid by the federal government; however, the source of pay is not determinative. McGee was on duty mandated by federal statute and injuries during such training are apparently compensated pursuant to federal statute.
It is uncontested that McGee and his unit was not on active duty during a state of emergency declared by the governor, as evidenced by the State's affidavit attached to its motion for summary judgment. Therefore, he is excluded from workmen's compensation coverage.
Summary judgment is available only when the pleadings, depositions and affidavits, *124 if any, show there is no genuine issue as to a material fact and mover, who bears the burden, is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982).
The summary judgment is affirmed.
AFFIRMED.
NOTES
[1] In Subsections A and C "worker's compensation" was substituted for "workmen's compensation" on authority of Acts 1983, 1st Ex.Sess., No. 1, Section 6. Subsection C was amended in 1985. See footnote 3.
[2] La.R.S. 29:39 (1950) provided:

Every member of the national guard who is accidentally injured, or his dependents if he is accidentally killed, while on duty in the service of the state or while attending any drill or formation to which he is ordered by competent authority or while going to or returning from this duty, drill, or other formation, shall be compensated by the state in accordance with the workmen's compensation law.
No compensation shall be paid by the state for injury or death occurring while in the service of the United States of America or while going to or returning from this service, except while going to, attending, or returning from armory drill.
No compensation shall be paid unless the injury or death arose out of and in the course of the service. Before any claim is certified for payment proof that the applicant is entitled to payment shall be made in accordance with regulations prescribed by the adjutant general. For the purpose of this Sub-part, the minimum payment of compensation is six dollars per week. Otherwise, the provisions of the workmen's compensation law apply.
[3] By Acts 1985 No. 973, § 1, La.R.S. 23:1211 C was amended to provide:

No compensation shall be paid unless the injury or death arose out of and in the course of service while on active duty during a state of emergency declared by the governor and only for the duration thereof and for no other kind of service whatsoever. Before any claim is certified for payment, proof that the applicant is entitled to payment shall be made in accordance with regulations prescribed by the adjutant general. The amount payable as compensation may be commuted to a lump sum settlement by agreement of the parties. In computing the weekly benefit hereunder, either the weekly wages from the member's principal civilian employment or his weekly military wages, whichever is larger, will be used. Otherwise, the provisions of the workmen's compensation law apply.