DOMENGEAUX, Judge.
Plaintiff, Wilfred 0. Willis, brought this suit against the State of Louisiana seeking worker’s compensation for injuries he sustained during his two-week annual training exercise with the Louisiana National Guard. The trial court rendered judgment in favor of Mr. Willis awarding him compensation, finding that he was totally and permanently disabled. After denial of its motion for new trial, the State brought this appeal, raising several issues.
At the time of his injury, Mr. Willis was a federal employee employed by the National Guard. As a federal employee with the National Guard Mr. Willis was also required to be a member of the Louisiana National Guard on a part-time basis. His status as a full-time federal employee with the National Guard was distinct from his status as a part-time member of the Louisiana National Guard. As a member of the Louisiana National Guard, Mr. Willis was required to attend a two-week training exercise each year, pursuant to federal law. In August of 1983 Mr. Willis attended the required two-week training exercise. As part of that training, Mr. Willis participated in a four mile walk. There is conflicting testimony concerning whether Mr. Willis’ request to be excused from the walk was granted and communicated to him.
*125 Shortly after the walk, Mr. Willis began experiencing shortness of breath and chest pains. He was taken to the New Boston Hospital, and remained there for five days. Doctor Craig, Mr. Willis’ treating physician, found that Mr. Willis suffered a severe angina attack. Mr. Willis attempted to return to work in October of 1983, but was unable to continue due to stress and fatigue, and has not been able to return to the job he held prior to August of 1983.
In its first and second assignments of error, the State contends that as a member of the Louisiana National Guard participating in a federally required annual training exercise, Mr. Willis is not entitled to State worker’s compensation benefits under La. R.S. 23:1211, and that the trial court erred in making such an award.
At the time of Mr. Willis’ accident, La. R.S. 23:1211 provided in pertinent part the following:
“A. Every member of the national guard who is accidentally injured, or his dependents if he is accidentally killed, while on active duty during a state of emergency declared by the governor and for the duration of such emergency as declared by the governor, shall be compensated by the state in accordance with the worker’s compensation law, including but not limited to such medical, surgical and hospital services and medicines and such disability and death benefits as are authorized by said worker’s compensation law.
B. No compensation shall be paid by the state for injury or death occurring while in the service of the United States of America or while going to or returning from this service.
C. No compensation shall be paid unless the injury or death arose out of and in the course of the service. Before any claim is certified for payment, proof that the applicant is entitled to payment shall be made in accordance with regulations prescribed by the adjutant general. The amount payable as compensation may be commuted to a lump sum settlement by agreement of the parties. In computing the weekly benefit hereunder, either the weekly wages from the member’s principal civilian employment or his weekly military wages, whichever is larger, will be used. Otherwise, the provisions of the worker’s compensation law apply.”
This statute has been construed three times by this Court in the following cases: Chapman v. Belden Corporation, 414 So.2d 1283 (La.App. 3rd Cir.1982), reversed on other grounds, 428 So.2d 396 (La.1983); Harrell v. Military Department, 457 So.2d 314 (La.App. 3rd Cir.1984); Logan v. Rochester, 463 So.2d 56 (La.App. 3rd Cir.1985). This statute was also recently construed by the First Circuit Court of Appeal and by the Fourth Circuit Court of Appeal. In the First Circuit case of Lucas v. The Military Department, 498 So.2d 161 (La.App. 1st Cir.1986), the Court reached an opposite result on facts similar to those in our Logan case. The First Circuit distinguished each of our three cases in reaching its conclusion.
The Fourth Circuit also reached a conclusion contrary to that reached in our three cases in its case McGee v. State of Louisiana, 502 So.2d 121 (La.App. 4th Cir.1986). The Fourth Circuit, however, did not distinguish our cases, but rather, stated that they are incorrect. McGee, supra.
We take this opportunity to reevaluate our construction of La.R.S. 23:1211 as it applies to the facts in this case. We begin with Chapman.
In Chapman, a guardsman suffered a heart attack at home after a Saturday drill. The Court in Chapman stated that “the act was intended to allocate the liability for workmen’s compensation benefits between the state and federal governments, depending upon in whose service the member was acting at the time of the injury.” 414 So.2d at 1288. The First and Fourth Circuits agree with this statement of the act’s legislative purpose. Chapman concluded that as part of this allocation of liability, the legislature intended to expand the State’s general coverage to include those situations where the Governor has declared a state of emergency. The Court, thus, *126 affirmed the trial court’s denial of summary judgment in favor of the State even though the plaintiff was not on active duty during a state of emergency declared by the Governor. The Supreme Court reversed Chapman after it concluded that Chapman’s heart attack did not arise out of his guard duty. 428 So.2d 396 (La.1983).
In Lucas a guardsman was injured while attempting to lift a portable toilet into a military truck during a two-week annual training exercise. In that case the First Circuit stated:
“... we construe paragraphs (B) and (C) of La.R.S. 23:1211 in pari materia to mean that State benefits are not payable when United States benefits are payable, and State benefits are payable when United States benefits are not. Accordingly, since Lucas is entitled to and has in fact collected United States benefits, State benefits are not due to him.”
In McGee, a guardsman suffered a minor stroke and received spinal injuries after falling in a ditch while participating in a one-mile run during a routine weekend drill. The Fourth Circuit reached the following conclusion with respect to the interpretation of La.R.S. 23:1211:
“We believe compensation coverage to national guardsmen is limited by the statute itself. The unambiguous language of R.S. 23:1211 must be held to mean what it plainly expresses. Sutherland at § 46.01. Its clear intent is to limit compensation coverage to injuries sustained on active duty during a state of emergency.”
The Fourth Circuit affirmed the trial court’s summary judgment in favor of the State, finding that it was uncontested that the plaintiff was not on active duty during a state of emergency declared by the Governor.
In reaching its conclusion, the Fourth Circuit examined La.R.S. 23:1211 as it relates to its predecessor, La.R.S. 29:39, stating the following:
“La.R.S. 29:39, predecessor of R.S. 23:1211, was interpreted by the Supreme Court to cover a guardsman who left the armory in a jeep during a make-up drill, had lunch at home, and was killed on his way back to the armory. Constant v. State, 272 So.2d 675 (La.1973). The statute clearly intended such coverage with its broad language. Although Constant’s injury fell under R.S. 29:39, the Supreme Court noted that statute was repealed in 1968 and some of its coverage was omitted in R.S. 23:1211. 272 So.2d at 676, n. 5.
The first two and last sentences of R.S. 23:1211C were taken verbatim from R.S. 29:39. However, R.S. 23:1211 A and B narrowed the coverage to 'while on active duty during a state of emergency declared by the governor.’
Provisions in an obsolete statute omitted from the more recent legislation cannot be applied. 2A Sutherland, Statutes and Statutory Construction § 51.04 (4th Ed.1984) [Sutherland]. Legislative language will be interpreted on the assumption the legislature was aware of the existing statutes, the rules of construction, and judicial decisions. If a change occurs in the language, a change was intended in the legislative result. Sutherland at § 45.12.”
We also note that Section 3 of Acts of 1968, Ex. Session No. 51, which ennacted La.R.S. 23:1211, specifically provides that “[a]ll laws or parts of laws in conflict herewith, and particularly the provisions of R.S. 29:39, are hereby repealed.” The purpose of Act No. 51 was declared to add a new section, La.R.S. 23:1211, “to provide with respect to compensation benefits for members of the National Guard injured or killed while on active duty during a state of emergency declared by the Governor.”
Additionally, the Supreme Court in Constant indicated that La.R.S. 29:39 was the plaintiff-widow’s exclusive remedy for the death of her national guardsman husband. We must conclude that the legislature, in replacing R.S. 29:39 with La.R.S. 23:1211, intended that the latter statute provide the exclusive worker’s compensation remedy to national guardsmen.
*127 Given that the broad language of La.R.S. 29:39 was repealed and replaced with the new language of more limited scope in La. R.S. 23:1211, we also conclude that the legislature intended to reduce, not expand, the circumstances under which the State will pay worker’s compensation benefits to national guardsmen.
We, therefore, agree with the conclusions reached in McGee, supra, and accordingly feel that the trilogy of cases from our Circuit commencing with Chapman, supra, should not be followed.
In allocating the liability for worker’s compensation benefits between the state and federal governments, the Louisiana Legislature has determined that the State will be responsible for worker’s compensation benefits only when the injuring incident occurs while the national guard member is on active duty during a state of emergency declared by the Governor. The statute itself expresses this and there is no need to go beyond the clear language of the statute.
With these principles in mind, we now turn to the facts in this case. The record shows that Mr. Willis was a member of the Louisiana National Guard and that he was attending his annual two-week training exercise as required by 32 U.S.C. § 305, when he suffered the accident for which he seeks state worker’s compensation benefits. He was not on active duty during a state of emergency declared by the Governor when the accident occurred. Therefore, under our interpretation of La.R.S. 23:1211, Mr. Willis is not entitled to State worker’s compensation benefits. We, therefore, must reverse the district court’s judgment.
Because of our disposition of this case we need not address the State’s other assignments of error or Mr. Willis’ request that we award him attorney’s fees and penalties.
We respectfully suggest that our Supreme Court grant writs herein in order to settle the divergent views now exemplified in the appellate jurisprudence on the subject matter of this case.
For the reasons stated above, the judgment of the district court is reversed, and judgment is entered herein dismissing Mr. Willis’ petition with prejudice.
All costs at trial and on appeal are assessed against plaintiff-appellee.
REVERSED AND RENDERED.
GUIDRY, J., concurs and assigns brief reasons.