LABORDE, Judge.
Plaintiff-appellee, Edward Vercher, suffered a heart attack during Louisiana National Guard annual training exercises at Camp Beauregard, Louisiana. On June 15, 1984, plaintiff was attempting to walk/run four miles in one hour when chest pain and shortness of breath forced him out of the drill. He was moved to the Camp dispensary then transferred to England Air Force Base Hospital and then to a hospital at Fort Polk. Under private treatment, on June 29, 1984, plaintiff underwent triple bypass surgery. Plaintiff has remained disabled since the time of his accident.
The trial court, finding in favor of plaintiff, ruled that plaintiff was a state employee injured in the course and scope of his employment under Workers’ Compensation Act. The trial court found plaintiff’s injury to be permanently and totally disabling, thus entitling plaintiff to $245.00 per week, subject to a credit for worker’s compensation benefits paid by another employer, medical expenses of $33,375.08 plus 12% interest and attorney’s fees of $4,500.00.
Defendant-appellant, The Military Department, State of Louisiana, appeals the judgment citing several assignments of error.[1] Plaintiff-appellee, Edward Vercher, answers the appeal and requests $5,000.00 in additional attorney’s fees for a frivolous appeal and preparation for the work on this appeal. After reviewing the record and analyzing recent jurisprudence, we conclude that the trial court was manifestly erroneous in granting plaintiff relief. We reverse.
This case is remarkably similar to the •recent case of Willis v. State of Louisiana, 502 So.2d 124 (La.App. 3d Cir.), writ denied, 503 So.2d 495 (La.1987), in which the plaintiff also marched four miles and developed acute angina. Plaintiff filed suit for Louisiana worker’s compensation benefits. Finding plaintiff totally and permanently disabled, the trial court awarded worker’s compensation benefits and medical expenses. On review, we reversed by reevaluating the statutory confines of LSA-R.S. 23:1211. We also intimated that we would not follow the trilogy of cases allowing coverage under similar circumstances. Id. at 127; see specifically Chapman v. Belden Corporation, 414 So.2d 1283 (La.App. 3d Cir.1982), reversed on other grounds, 428 So.2d 396 (La.1983); Harrell v. Military Department, 457 So.2d 314 (La.App. 3d Cir.1984); Logan v. Rochester, 463 So.2d 56 (La.App. 3d Cir.1985).
This case is indistinguishable from Willis. Mr. Vercher was injured during a national guard training exercise, but he was *805 not injured during a state of emergency declared by the governor of this state. LSA-R.S. 23:1211. For the reasons articulated in Willis and the clear wording of the statute, we must reverse the judgment of the trial court and dismiss plaintiff’s suit with prejudice. In so doing, we need not address the State’s other assignments of error or plaintiff’s request for additional attorney’s fees.
All costs at trial and on appeal are assessed against plaintiff, Mr. Edward Vercher.
REVERSED AND RENDERED.

. The Military Department assigns as error the following:
“1. In ruling that a National Guardsman on federal duty at annual training remains a state employee.
2. In ruling that the State of Louisiana is liable for guardsmen injured while at annual training, even though federal benefits are available for such injuries.
3. In ruling that Act 973 of 1985 is not retroactive.
4. In ruling that the State Courts may interfere with the decisions of a federal military tribunal.
5. In ruling that plaintiff was injured while on duty, even though he had suffered from agina [sic] pains prior to being on duty.
6. In ruling that plaintiff is disabled under present law.
7. In ruling that plaintiff is entitled to penalties and attorney’s fees at the district court level.”