GUIDRY, Judge.
Mary Katherine Menard, as curator of the interdict, Allen R. Menard, and as natural tutrix of the minor children, Allen R. Menard, Jr. and Keith Scott Menard, instituted this action seeking worker’s compensation benefits, penalties and attorney’s fees from the defendant, The Military Department, The State of Louisiana, Louisiana Army & Air National Guard (State). Plaintiff alleged that her husband, Allen, was seriously and permanently injured while in the course and scope of his employment with the Louisiana National Guard. Menard asserted, in the alternative, that the State’s negligence was the sole cause of her husband’s accident and resulting injuries. Alternatively, she seeks damages, ex delicto, in the amount of $7,750,000.00.
The trial court found that Allen Menard suffered an accident while in the employ of the State which rendered him totally and permanently disabled. Plaintiffs were awarded benefits of $245.00 per week, plus penalties and attorney’s fees. Defendant was also ordered to pay all medical and travel expenses incurred by Allen Menard as well as all court costs. The State appeals the trial court’s judgment.
Defendant urges that the trial court erred in finding that Allen Menard was an employee of the State of Louisiana at the time of accident and therefore, entitled to worker’s compensation benefits. Appellant also asserts error in the trial court’s assessment of penalties and attorney’s fees. Thus, the pivotal issue on appeal is whether Allen Menard, a member of the Louisiana National Guard, was an employee of the State at the time of the accident.
FACTS
The accident in question occurred on Sunday, May 20, 1984, as Allen Menard was returning home to Lake Charles following a weekend National Guard drill at Camp Beauregard, Louisiana. Menard, who had been a member of Officer Candidate Class 24 of the Louisiana Military Academy for approximately 10 months, had reported to Camp Beauregard on Friday, May 18, 1984. Actual training activities began the following morning at approximately 7:00 a.m. and ended on Sunday at approximately 3:00 p.m. At the conclusion of the drill, Menard was required to drive to Rapides General Hospital to undergo a physical examination. Following the examination, Menard set out for home. Shortly thereafter, Menard was involved in a serious automobile accident near Oakdale, Louisiana, which rendered him totally and permanently disabled.
It was stipulated by counsel that, at the time of the accident, Menard was “in the line of duty” as a National Guardsman and that the Military Academy which he was returning from was an officially recognized arm of the United States Army. The evidence also indicates that Menard was paid by the federal government for his National Guard duties[1] and that his medical expenses to date have been paid by the Treasurer of the United States.
Without further elaboration on the particulars of the instant case, we conclude that our holding in the recent case of Willis v. State of Louisiana, 502 So.2d 124 (La.App. 3rd Cir.1987), writ denied, 503 So.2d 495 (La.1987), is dispositive of the issue on appeal. In Willis, we considered *950 this very same issue, i.e., whether a member of the Louisiana National Guard who is injured while serving in said capacity is entitled to worker’s compensation benefits. Following careful scrutiny of the applicable law and jurisprudence, we stated as follows:
“In allocating the liability for worker’s compensation benefits between the state and federal governments, the Louisiana Legislature has determined that the State will be responsible for worker’s compensation benefits only when the injuring incident occurs while the national guard member is on active duty during a state of emergency declared by the Governor. The statute itself expresses this and there is no need to go beyond the clear language of the statute.”[2]
Since Willis was not injured during a state of emergency declared by the Governor, his claim for worker’s compensation benefits was denied.[3]
As in Willis, supra, Allen Menard was not injured during a declared state of emergency. Ráther, he was injured enroute to his home from a federally recognized and sponsored National Guard drill. We therefore find that the trial court erred in casting the State for worker’s compensation benefits.
For these reasons, the judgment of the trial court is reversed and set aside. Since the trial court determined that plaintiff was entitled to worker’s compensation benefits, no consideration was given to plaintiff’s alternative claim for damages ex de-licto. Therefore, this matter will be remanded to the trial court for further proceedings. Costs of this appeal are assessed against plaintiff, Mary Katherine Menard. Costs at the trial level are to await a final disposition of this matter.
REVERSED AND REMANDED.
FORET, J., concurs and assigns written reasons.

. The record reflects that the State only pays National Guardsmen when they are acting pursuant to a state of emergency declared by the Governor of Louisiana.

. The statute referred to is La.R.S. 23:1211.

. In reaching the conclusion that we did in Willis, we rejected the holdings of the prior Third Circuit cases of Chapman v. Belden Corporation, 414 So.2d 1283 (La.App. 3rd Cir.1982), reversed on other grounds, 428 So.2d 396 (La.1983); Harrell v. The Military Department, State of Louisiana, 457 So.2d 314 (La.App. 3rd Cir.1984); and, Logan v. Rochester, 463 So.2d 56 (La.App. 3rd Cir.1985).