Dear Mr. Friedman:
This office is in receipt of your opinion request in which you present the following issues:
 1. What is the status of harbor police as "peace officers" empowered to enforce state statute, ordinances of Board of Commissioners of the Port of New Orleans, and ordinances of City of New Orleans.
 2. Is the disposition of statutory fines to be placed in the Harbor Police Pension Fund Constitutional?
 3. What is the limitation of the amount that can be assessed to the defendant for a violation of ordinances related to speeding on port property?
Regarding the status of port and harbor police as "peace officers" La. R.S. 34:26 states in pertinent part:
 The port and harbor police shall have, under the direction and control of the board of commissioners, the same power to make arrests, in and upon the property within the jurisdiction of the board and approaches thereto, and to execute and return all criminal warrants and processes, as sheriffs of this state have, and shall under the same direction and authority, have all the powers of sheriffs as peace officers in all places and on all premises under the jurisdiction and control of the board, and the streets and approaches thereto. Any person arrested by officers of the board and the return of all warrants or processes served by said officers shall be forthwith surrendered or delivered to the criminal sheriff of the Parish of Orleans or sheriffs of St. Bernard and Jefferson parishes; provided this shall in no way deprive the New Orleans City Police or any sheriff or deputy sheriff in the Parishes of Orleans, St. Bernard or Jefferson from making arrests or from serving warrants or process of court in any such place or on any such premises. The Board of Commissioners shall make rules and regulations for the conduct, management and control of the port and harbor police, and shall, from time to time, enlarge, modify or change such rules and regulations in its discretion.
Based on the statute, the port and harbor police are clearly peace officers and have all the powers of sheriffs in all places and on all premises under the jurisdiction and control of the Board of Commissioners for the Port of New Orleans. See also Attorney General No. 82-1125 (attached) which defined the New Orleans Harbor Police as "peace officers" in accordance with La. R.S. 40:2402, which states:
 "any full time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of the law enforcement department."
Your second question asks the constitutionality of the disposition of statutory fines to be placed in the harbor police pension fund. In response to question, please see attached Attorney General Opinion No. 98-320 which concluded that the provision of R.S. 11:3690 calling for the payment of fines collected by the traffic courts of Orleans Parish to be paid directly to Harbor Police Retirement System are constitutional. Regarding the harbor police retirement system for the Port of New Orleans, R.S. 11:3690(9) states:
 All fines collected by any court, official or agency from violators of ordinances of the City of New Orleans applicable to the wharves, landings, and river front of the city or ordinances of the Board of Commissioners of the Port of New Orleans, as provided for in R.S. 34:25, shall be transmitted to the board of trustees of this system. Such funds shall be used by the board solely for the payment of the retirement allowances provided for in Subsections B, C, and D of this Section, and such funds shall be supplemented by such other funds as are now or may be hereafter paid into the system on account of members of the harbor police department of the Port of New Orleans.
Generally regarding the constitutionality of this as with other statutes, it shall be noted that all laws are presumed to be constitutional. (Ricks v. Close 201 La. 242, 9 So.2d 534
(La. 1942)). The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. Hayden v. Richland Parish School Board, 554 So.2d 164 (La.App 2d Cir. 1989), writ denied559 So.2d 124 (La. 1990). Thus, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes. McGee v. State, 502 So.2d 121
(La.App. 4th Cir. 1986), writ denied 505 So.2d 730 (LA 1987);Derouen v. Miller, 614 So.2d 1304 (La.App. 3rd Cir. 1993).
Your third issue related to the limitation of the amount that can be assessed to a violator-defendant. While R.S. 11:3690
does not state how much such fine should be, the Board of Commissioners of the Port of New Orleans has passed an Ordinance which sets out the fine schedule for such violations. Such ordinance was passed June 25, 1998 by the Board of Commissioners of the Port of New Orleans and states in part as follows:
 "AN ORDINANCE BY THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS" (A Political Subdivision of the State of Louisiana) AN ORDINANCE REGULATING THE USE OF CARTS, DRAYS, WAGONS,AUTOMOBILES, TRUCKS, MOTORCYCLES, MOTOR VEHICLES, OR OTHERVEHICLES AND PEDESTRIANS ON THE WHARVES, ROADWAYS, OR ANY OTHERPROPERTY UNDER THE JURISDICTION, ADMINISTRATION AND CONTROL OFTHE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, INCLUDINGFRANCE ROAD, JOURDAN ROAD, SUREKOE ROAD, THE CLARENCE HENRYTRUCKWAY, COFFEE DRIVE, WAREHOUSE ROAD, PORT OF NEW ORLEANSPLACE, PROHIBITING PARKING, SPEEDING AND OTHER ACTIVITIES,PROVIDING EXCEPTIONS THERETO, AND PROVIDING PENALTIES FOR THEVIOLATIONS OF ITS PROVISIONS. BE IT ORDAINED BY THE BOARD OFCOMMISSIONERS OF THE PORT OF NEW ORLEANS THAT THE TRAFFICORDINANCE ENACTED BY THE BOARD ON AUGUST 25, 1964, AS AMENDED ISHEREBY FURTHER AMENDED AND RE-ENACTED, AS FOLLOWS:
Section 14. For violation of Section 8 and 9(A) of this Ordinance, the fines shall be as set out below:
 SPEEDING VIOLATIONS
__________________________________________________________________________ | | 1st Violation | 2nd Violation | 3rd Violation | |_____________|___________________|___________________|___________________| | 1-9 miles | | | | | per hour | | | | | over limit | 45.00 | 60.00 | 75.00 | |_____________|___________________|___________________|___________________| | 10-14 miles | | | | | per hour | | | | | over | 75.00 | 105.00 | 135.00 | |_____________|___________________|___________________|___________________| | 15-20 miles | | | | | per hour | | | | | over limit | 150.00 | 180.00 | 210.00 | |_____________|___________________|___________________|___________________|
Citations for speeding more than twenty (20) miles per hour over the speed limit must be tried in court, and the fine shall not exceed five hundred dollars ($500) and/or one hundred eighty (180) days in jail in addition to any costs imposed by the court.
In conclusion, Port and Harbor Police for the Board of Commissioners of the Port of New Orleans are "Peace Officers" and have all the power of Sheriffs as Peace Officers in all places and on all premises under the jurisdiction and control of the Board of Commissioners of the Port of New Orleans, and of the streets and approaches thereto. The disposition of statutory fines to be placed in the Harbor Police Pension Fund is constitutional in accordance with Attorney General Opinion 98-320. The amounts and fines for violations of ordinances of the Board of Commissioners for the Port of New Orleans are assessed in accordance with the schedules as adopted by the Port of New Orleans.
We hope the foregoing has sufficiently addressed your concerns. If our office can be of further service, please do not hesitate to contact us at your convenience.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: J. RICHARD WILLIAMS
Assistant Attorney General
RPI/JRW:crt
OPINION NUMBER 82-1125
December 20, 1982
 LAW OFFICERS — AUTHORITY 
JURISDICTION . . . . . . . . 60 La. R.S. 40:2402 et seq.
Officers employed by the following agencies would be classified as "peace officers" within the meaning and intent of La. R.S. 40:2402 and as such must complete the basic law enforcement training course as defined in La. R.S. 40:2405 if employed after January 1, 1983. Wildlife Fisheries Agencies, Capital Police, Airport Security Officers, Levee Board Police in the Ponchartrain, Orleans Jefferson Levee Districts, Airport Security Mr. Elmer Litchfield Officers, New Orleans Harbour Police, Executive Director Campus Police, Department of Louisiana Commission on Agriculture Brand Commission Law Enforcement Officers, Department of Public Safety Room 615 Security Personnel, Mississippi River 1885 Wooddale Blvd. Bridge Police, District Attorneys Baton Rouge, LA 70806 Investigators, State Park Rangers, Alcohol Beverage Control Board Officers.