584 So.2d 1233 (1991)
Keats EVERETT, Plaintiff-Appellant,
v.
FOXWOOD PROPERTIES, et al., Defendants-Appellees.
No. 22681-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1991.
*1234 Davenport, Files & Kelly by Thomas W. Davenport, Jr., Monroe, for plaintiff-appellant.
Grant & McGaha, by Fred R. McGaha, Monroe, for defendant-appellee, Bayou Realty.
Crawford & Anzelmo by Brian E. Crawford, Monroe, for defendants-appellees, Travis Oliver, III, Foxwood Properties, Pegasus I, Inc., and Pegasus II, Inc.
Before MARVIN, LINDSAY and STEWART, JJ.
STEWART, Judge.
Plaintiff, Keats Everett, appeals a judgment denying his request for approximately $78,000 in damages resulting from failure of defendants, Bayou Realty, Travis Oliver, III, Foxwood Properties, Pegasus I, Inc., and Pegasus II, Inc., to pay their agreed portion of the cost of upgrading plaintiff's computer system and software. Plaintiff asserts that an agreement to finance or underwrite the cost of expanding the computer system was made on defendants' behalf by Robert McSherry and that defendants are bound by that agreement. Defendants claim they are not bound by the alleged agreement between plaintiff and McSherry. We affirm.

FACTS
In 1979, plaintiff, Keats Everett, and Robert McSherry formed a partnership, Appraisal Associates, wherein plaintiff primarily performed residential appraisals and McSherry performed commercial appraisals. *1235 During 1981, Appraisal Associates purchased a minicomputer system which was financed through American Leasing Co., a subdivision of American Bank. In June 1982, plaintiff and McSherry dissolved the appraisal aspect of their partnership but remained joint owners of the computer equipment. During the summer of 1983, McSherry suggested that plaintiff perform a massive upgrade of the computer system so that business entities in which McSherry had an interest could also use the computer in their business operations. Part of McSherry's proposal included paying plaintiff for his expertise and for using the computer equipment. Plaintiff then obtained the necessary information regarding the type and cost of equipment required to upgrade the basic computer system. This included software from Valuation Systems, a company which plaintiff had previously used to customize software. The software was obtained through Appraisal Associates' existing license/lease arrangement with Valuation Systems. In December 1983, plaintiff and McSherry signed a note with American Bank for $105,685.89, payable in monthly installments of approximately $3,800. The balance on the 1981 lease was converted to a loan and combined with the amount required to expand the computer system. A mortgage on the computer equipment and personal note signed by McSherry and plaintiff was the security for this financing arrangement.
The new computer system was in service by January 1984 and plaintiff began allocating the monthly expenses of the installment note and service contract fees to the various users of the computer system. Plaintiff and McSherry estimated the total monthly expenses to approximate $5,000. The original users of the new computer system were plaintiff, McSherry, Bayou Realty, Inc., Foxwood Properties, Smelser Oil and Gas, Inc., Travis Oliver, III, Pegasus I, Inc., Pegasus II, Inc., and Louisiana Amusements, Inc. McSherry and Oliver were partners and/or major shareholders in each of these closely held family businesses. McSherry allocated a percentage of the monthly expenses to each of the users which formed the basis of the amount to be paid monthly by each user. Louisiana Amusements, Inc. and Smelser Oil and Gas, Inc. each terminated their use of the computer system and their allocation was redistributed, resulting in increased allocations to Bayou Realty and Foxwood Properties. Defendants paid their monthly assessments based upon the new allocations for several months. By July 1984, all defendants had ceased making payments. During 1985, plaintiff sold the computer equipment for $25,000 which was credited to the American Bank obligation. The remaining indebtedness to American Bank was paid by plaintiff. Defendant Foxwood Properties tendered payment to plaintiff in the form of a check, dated December 28, 1984 in the amount of $7,052.71, but stopped payment on the check before it was deposited in February 1985. Plaintiff filed suit against defendants to recover their allocated percentage of the balance which he paid to American Bank.
At trial, plaintiff-appellant testified that McSherry represented himself as agent for defendants who agreed to pay the costs of upgrading the computer system. Representatives of defendants-appellees testified that there was no agreement to finance or underwrite the costs of upgrading the system; the agreement of each appellee was to pay for using the computer system.
In written reasons for judgment, the trial court stated that it found as fact that plaintiff and McSherry intended at all times to be owners of the computer system. Plaintiff and McSherry further contemplated entering into a detailed written lease agreement with each defendant under which a certain interest or "user interest" in the computer would be assigned and leased, but no written leases were ever prepared. The trial court found that plaintiff-appellant did not make an adequate showing that McSherry acted as agent for the defendants rather than as agent for Appraisal Associates. Finally, the trial court found that continued changes in the "user interest" allocations indicated there was never a firm agreement or meeting of the minds on the price or value allotted to each defendant. The court also found that the *1236 allocations made by McSherry were never shown to be mathematically valid.
The trial court rendered judgment for plaintiff and against Foxwood Properties in the amount of $7,052.71 plus interest. In all other respects, judgment was for defendants and against plaintiff, dismissing plaintiff's claims at his costs. Following a motion for new trial, the judgment was amended to assess 15 percent of the costs to Foxwood Properties.
Plaintiff appeals the trial court judgment, asserting the following assignments of error:
1. Whether the trial court erred in failing to find an oral contract for use of a computer system.
2. Whether the trial court erred in failing to find ratification and confirmation of agreements made via an agent with "apparent authority."
3. Whether the trial court erred in failing to find that appellant relied upon the agent to appellant's detriment, that appellees received the benefit of appellant's reliance, and therefore that appellees were estopped to deny the agency relationship.
4. Whether the trial court erred in assessing 85 percent of the costs of the proceedings to appellant.

DISCUSSION
The trial court has wide discretion and its factual findings will not be disturbed absent a showing of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The Louisiana Supreme Court recently discussed the distinction between actual and apparent authority of an agent to bind a principal in business transactions:
Apparent authority is a doctrine by which an agent is empowered to bind his principal in a transaction with a third person when the principal has made a manifestation to the third person, or to the community of which the third person is a member, that the agent is authorized to engage in the particular transaction, although the principal has not actually delegated this authority to the agent. [citation omitted] In an actual authority situation the principal makes the manifestation first to the agent; in an apparent authority situation the principal makes this manifestation to a third person.... Further, apparent authority operates only when it is reasonable for the third person to believe the agent is authorized and the third person actually believes this.
Tedesco v. Gentry Development, Inc., 540 So.2d 960 (La.1989). Where a principal's conduct has manifested his consent, an enforceable contract results from the agreement with the agent, and the third person need not prove any change in position induced by the reliance. On the other hand, agency by estoppel is based on tort principles of preventing loss by an innocent person. The third person must show both reliance on the conduct of the principal and a change of position on his part such that it would be unjust to allow the principal to deny the agency. Tedesco, Id.
The general theory of ratification of the unauthorized acts of an agent is that the principal, with full knowledge of the facts, consents to the unauthorized actions and adopts the contract as if it had been previously authorized.[1]Ledoux v. Old Republic Life Insurance Co., 233 So.2d 731 (La.App.1970), writ refused, 256 La. 372, 236 So.2d 501 (1970); Bamber Contractors, Inc. v. Morrison Engineering and Contracting Company, Inc., 385 So.2d 327, 331 (La.App. 1st Cir.1980). Ratification which is not expressed in writing will not be presumed. The party seeking to enforce the contract must prove that the *1237 other party ratified the agreement with full knowledge of all the facts. Rebman v. Reed, 335 So.2d 37 (La.App.1976), writ denied, 338 So.2d 699 (La.1976); Bamber Contractors, Inc., supra.
The thrust of appellant's position is that he relied upon McSherry's representations as agent for appellees. The record does not contain evidence of any manifestations by appellees to appellant, during or prior to December 1983, that McSherry had apparent authority to act on their behalf. Furthermore, the record supports the trial court's factual finding that it was not reasonable for appellant to have believed that McSherry was authorized. We shall therefore consider whether McSherry had actual authority to bind appellees at the time appellant signed the December 1983 note.
We find from the record that McSherry was a shareholder of Pegasus I, Inc., Pegasus II, Inc., but had no authority to act on their behalf or on behalf of Travis Oliver, III. The record further reveals no evidence of apparent authority for McSherry to act on behalf of Pegasus I, Inc., Pegasus II, Inc., or Travis Oliver, III. Appellant testified that, prior to the time appellant and McSherry signed the note, his only discussions about the financing arrangement were with McSherry. There was no evidence, other than the testimony of the owners of the computer, that any appellee ever agreed to pay for the upgrade. Appellant points to the constant stream of appellees' business which was handled through McSherry's office and McSherry's bookkeeping, check signing, and other financial duties as evidence of McSherry's authority to transact business on behalf of some of the appellees. We do not find that the trial court was clearly wrong in concluding that these activities, alone, were insufficient to prove by a preponderance of the evidence that McSherry acted as agent for Pegasus I, Inc., Pegasus II, Inc., or Travis Oliver, III in this particular transaction.
After a careful review of the record, we find that the trial court also properly concluded that appellant failed to show that McSherry acted as agent for Bayou Realty, Inc. or Foxwood Properties rather than as co-owner of the computer system. Bayou Realty, Inc. empowered McSherry to act for the corporation, but only in his capacity as an officer of the corporation. McSherry was a partner in Foxwood Properties and could act for that partnership, but only in conjunction with at least one other partner. Appellant and McSherry jointly owned the computer system. McSherry sought to expand the system so that other business entities with which he was involved could use the system. McSherry made presentations to the potential "user group," which included the appellees and their representatives, and discussed with them how the computer system could service their needs. Sometime between January and June of 1984, there was discussion between appellant and McSherry about whether to convey 100 percent or 49 percent of their ownership interest to the "users," in exchange for their payment of expansion costs; however, no action was ever taken in furtherance of their discussion. The record supports the trial court's finding that appellant failed to prove that McSherry acted as agent for Bayou Realty, Inc. or Foxwood Properties in this transaction.
Having concluded that the trial court correctly found that appellant failed to prove actual or apparent authority for McSherry to act for appellees, we must next determine whether appellees ratified McSherry's unauthorized action. It is uncontested that appellant and McSherry personally guaranteed the December 1983 note with American Bank. Neither signed the note in a representative capacity. The record reveals, and the trial court properly found, that appellant proved the existence of only an oral, month-to-month lease for use of the computer system. Appellees and their representatives testified it was their understanding they would use the computer and pay a monthly amount based upon their usage. Brenda Trissler (McSherry's secretary), appellant, and appellees testified that Bayou Realty and Foxwood Properties paid the monthly invoices for several months beginning in January 1984. Trissler stated that McSherry's was one of two signatures on some of the checks. Appellees did not *1238 expressly ratify any representation by McSherry concerning the computer system. Other than his communication with McSherry, appellant failed to inform any appellee that he expected a long-term commitment from them for the underwriting or financing of the expanded system.
Appellant failed to carry his burden of proving that defendants, with knowledge of the alleged financing or underwriting obligation, accepted any benefit of that obligation. Indeed, it is unclear exactly what the benefit of that obligation was to be, as the parties never agreed upon whether there would be any benefit to the appellees other than use of the computer system. The record supports the trial court finding that there was no evidence to show that appellees ratified any agreement made by McSherry other than an agreement to pay for monthly use of the computer system.
Appellant next asserts that defendants are estopped from denying an agency relationship between themselves and McSherry. Agency by estoppel is a tort principle of preventing loss by an innocent person. Tedesco, supra. The trial court found that plaintiff had a long association with McSherry and broke off that association because he could not trust or rely upon McSherry. The trial court found that appellant knew of McSherry's unreliability and drug problems prior to signing the note in 1983 and that therefore appellant was not an innocent party. This finding is supported by the record and is therefore not clearly wrong. Because plaintiff had notice of McSherry's unreliability, he was not an innocent third party who could rely on either actual or apparent authority of McSherry. Furthermore, appellant had ample opportunity to personally discuss both the purchase and financing of the computer equipment with appellees but failed to do so. Even though appellant had a change of position by incurring the legal obligation of the note, agency by estoppel is inapplicable because appellant was not an innocent party.
On this record, the trial court was not clearly wrong in assessing 85 percent of the costs to appellant. Appellant's fifth assignment of error is therefore without merit.

CONCLUSION
We find no manifest error in the trial court's finding that appellant produced insufficient evidence to show that appellees entered into a contract to finance or underwrite the computer expansion. The judgment of the trial court is supported by the record. Accordingly, we affirm with costs of this appeal assessed to appellant.
AFFIRMED.
NOTES
[1] This principle was codified, effective January 1, 1985 after the instant 1983-84 factual setting, adopting language broader than the principal-agent terminology used in the cited cases:

LSA-C.C. Art. 1843. Ratification.
Ratification is a declaration whereby a person gives his consent to an obligation incurred on his behalf by another without authority.
. . . . .
Tacit ratification results when a person, with knowledge of an obligation incurred on his behalf by another, accepts the benefits of that obligation.