690 So.2d 970 (1997)
SUNRAY SERVICES, INC., Plaintiff-Appellee,
v.
The CITY OF MINDEN, Defendant-Appellant.
No. 29260-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1997.
Rehearing Denied March 27, 1997.
*971 Minifield & Harper by L. Charles Minifield, Minden, for Defendant-Appellant.
Hargrove, Pesnell & Wyatt by Scott C. Sinclair, Shreveport, for Plaintiff-Appellee.
Before HIGHTOWER, BROWN and GASKINS, JJ.
GASKINS, Judge.
This breach of contract suit by Sunray Services, Inc., involves the collection of commercial and industrial refuse in Minden, Louisiana. The City of Minden appeals from a judgment of $410,000 against it and in favor of Sunray. For the reasons set forth below, we reverse the trial court judgment.

FACTS
In 1982, the Louisiana legislature enacted La.R.S. 33:4169.1 pertaining to the collection and disposal of garbage and trash. The statute conferred upon the governing authority of every parish or municipality the power to grant permits, licenses, exclusive or nonexclusive franchises, or any combination thereof to garbage and trash collectors and disposers. It required compliance with the public bid laws when granting exclusive franchises. Section (A)(3) of the statute bestowed the authority: "[t]o enter into time contracts for the collection and transportation of garbage or trash for a term of up to ten years."
On August 30, 1982, the City of Minden and Sunray Services, Inc. entered into an agreement which gave Sunray the exclusive right to collect commercial and industrial garbage in Minden. (The city continued to collect residential garbage.) In pertinent portions, the contract provided:
II. TERM OF AGREEMENT: This Agreement shall be for a term of four (4) years commencing September 1, 1982 and terminating at midnight August 30, 1986. The initial four (4) year term of this contract shall automatically be extended for successive additional one (1) year terms, unless either party notifies the other party in writing, not less than ninety (90) days prior to expiration of the initial four (4) year term or of any successive one (1) year term, of its intention to terminate this contract. Any such written notice shall be served by certified or registered mail, return receipt requested upon either party at its offices in the City of Minden.
. . . .
X. The Contractor agrees not to sell, assign, or transfer in any manner this agreement without prior consent of the City Council pursuant to a written resolution of the City Council.
Following the expiration of the original four-year term, the contract was automatically extended on an annual basis for several years. However, in late 1989, the Minden City Council formed a sanitation committee to evaluate the collection of solid waste. The six-person committee was composed of Mayor Paul A. Brown, members of the city council, and city officials; councilman Jim Starkey was appointed chairman.
*972 At the February 5, 1990 city council meeting, Jerry McFarland, the president and owner of Sunray, requested that the term of Sunray's contract with the city be changed to extend it to 10-year periods. A motion granting a seven-year extension was made and carried unanimously. However, by internal memo dated February 9, 1990, Mayor Brown vetoed the action as being contrary to the provisions of La.R.S. 33:4169.1. Copies of the memo were sent to city council members and Mr. McFarland. In addition to noting the impropriety of the extension, the memo stated:
My recommendation is that we do nothing on the contract at this time, since it does not expire until September 1990.
We are currently studying the sanitation problems and until decisions can be made, we need to buy some time. In addition, both Mr. McFarland and the Waste Management people said they could give a better price for home garbage service if they also had a chance for commercial service.
At the city council meeting on April 2, 1990, Mr. Starkey, as chairman of the sanitation committee, recommended that the city advertise for bids "to privatize our residential and commercial sanitation," with the contract lasting for five years, and moved that the committee's recommendation be accepted. The motion passed unanimously.
Mr. McFarland attended sanitation committee meetings, including those on April 17, 1990, and May 2, 1990. The primary topic of discussion was apparently the need to privatize collection of residential trash. However, according to the testimony of members of the sanitation committee, a frequent and consistent topic was opening commercial collection to the free market as opposed to having an exclusive franchise.
By letter dated May 31, 1990, Mayor Brown gave Mr. McFarland written notice of the city's intent to terminate the contract. In part, Mayor Brown informed him:
As you are aware, the City of Minden is contemplating the privatization of solid waste collection in the City of Minden residential area. In line with this proposition, we feel that the commercial collection of solid waste should be opened up to a free market.
In July 1990, the city council awarded the contract for collection of solid waste to Waste Management of Northwest Louisiana of Shreveport.
In the meantime, Mr. McFarland had been negotiating to sell his Louisiana and Arkansas waste collection businesses to Get Rid of It of Arkansas, Inc. In 1990, he sold his Arkansas corporation. In April 1990, he and the president of Get Rid of It of Arkansas, Inc., made a "handshake" agreement for the sale of the Louisiana business for $500,000. However, the sale was contingent upon the new owner being able to assume the exclusive franchise in Minden for at least one year. As a result of the loss of the exclusive franchise, the deal fell through.
In September 1990, McFarland sold his company to Eagle Environmental Control, effective January 1, 1991, for $90,000. In mid-1991, McFarland learned from the former police chief of Minden that the city council had never taken official action on the termination of his company's contract. In May 1992, Sunray brought the present suit, alleging breach of contract. It contended that its contract was still in effect because the mayor was not authorized by the city council to send the May 31, 1990 letter and that the city prohibited it from providing the services specified in the contract.
The city reconvened against Sunray. Among other things, it asserted that, by its subsequent actions in receiving bids and awarding the contract to another company, the city council ratified the mayor's letter of termination to Sunray. In November 1995, the city also filed an exception of no cause of action, claiming that the contract of August 30, 1982 violated the provisions of La. R.S. 33:4169.1.
Trial was held on January 25, 1996, and the matter was taken under advisement. Thereafter, in February 1996, the city filed an exception of no cause and no right of action. It contended that Sunray breached the contract by entering into a contract of sale with Get Rid of It of Arkansas and selling the business to Eagle. It claimed *973 that, by selling its business to Eagle, Sunray was no longer able to perform its part of the contract. A hearing on the exception was held on April 2, 1996.
On April 4, 1996, the trial court issued its written opinion. It overruled the exception, finding that the plaintiff never violated the provisions of its original contract with the city by assigning the contract to another entity. On the merits, the court ruled in favor of the plaintiff, finding that the city council never authorized or ratified the mayor's letter to Sunray. On the issue of quantum, the court awarded $410,000, the difference between $500,000 (the original sales price to be paid for Sunray by Get Rid of It of Arkansas before the loss of the exclusive right to collect commercial refuse in Minden) and $90,000 (the sales price received from Eagle after the right was lost). The reconventional demand of the City of Minden was dismissed with prejudice.
The City of Minden appealed and asserted five assignments of error. As we resolve the matter on the issue of ratification, we pretermit consideration of the other remaining assignments.

RATIFICATION

Law
As a general rule, a mayor acting alone is without power to execute a contract binding on the city in the absence of an ordinance or resolution by the governing council authorizing him to do so. Smith v. Town of Vinton, 209 La. 587, 25 So.2d 237 (1946); Daspit v. City of Alexandria, 342 So.2d 683 (La.App. 3d Cir.1977), writ denied, 344 So.2d 1056 (La.1977).
Ratification is a declaration whereby a person gives his consent to an obligation incurred on his behalf by another without authority. An express act of ratification must evidence the intention to be bound by the ratified obligation. Tacit ratification results when a person, with knowledge of an obligation incurred on his behalf by another, accepts the benefit of that obligation. La. C.C. Art. 1843.
An unauthorized contract of an agent may be ratified by the subsequent action or inaction of the principal upon being apprised of the facts. Louisiana Consumer's League, Inc. v. City of Baton Rouge, 431 So.2d 35 (La.App. 1st Cir.1983), writ denied, 435 So.2d 431 (La.1983). The general theory of ratification of the unauthorized acts of an agent is that the principal, with full knowledge of the facts, consents to the unauthorized actions and adopts the contract as if it had been previously authorized. Everett v. Foxwood Properties, 584 So.2d 1233 (La. App.2d Cir.1991).

Discussion
In late 1989, the Minden City Council appointed a committee to study the privatization of both residential and commercial trash collection. Although the 1982 contract with Sunray functionally privatized commercial collection, there was an apparent consensus that opening commercial collection to a free market would allow bidders on the residential collection to offer better prices if they had the chance to offer both types of collection. According to the testimony of Councilman Starkey, even Mr. McFarland agreed with this position. Furthermore, the need to open up commercial collection to the free market was frequently discussed at the sanitation committee meetings, many of which Mr. McFarland attended. Certainly, Mayor Brown's internal memo dated February 9, 1990, a copy of which was received by Mr. McFarland, demonstrated that this was a serious consideration on the issue of trash collection and that Sunray's exclusive contract was going to expire at the end of August 1990.
When the city council voted at its April 2, 1990 meeting to accept the recommendation of the sanitation committee, it specifically referred to privatizing both residential and commercial sanitation. In his testimony, Mr. McFarland, who attended that meeting, attempted to dismiss the inclusion of the commercial collection as merely "negligent." Also, Sunray makes much of the fact that the bid packages sent out to prospective bidders pertained only to residential collection. However, the evidence taken as a whole amply *974 demonstrates that it was well understood by all partiesincluding Mr. McFarland that a consideration in privatizing residential collection was the termination of the exclusive franchise on commercial collection. The testimony of members of the city council and/or the sanitation committee reveals that they understood that the termination of the Sunray contract flowed from their decision to privatize both residential and commercial collection and that they approved the contents of the mayor's notice letter to Sunray. They were fully aware of the termination notice, and no effort was ever made to repudiate it. To the contrary, the city council proceeded ahead and awarded the contract for the residential collection to Waste Management.
Inasmuch as we find that Mayor Brown's termination notice was tacitly ratified by the Minden City Council, we find no basis for rendering judgment against the City of Minden. Accordingly, we reverse the trial court judgment awarding damages in favor of Sunray.

CONCLUSION
The judgment of the trial court is reversed. Costs are assessed against the appellee.
REVERSED.