Dear Mr. DeRosier,
We are in receipt of your opinion request concerning the Mayor of the City of Lake Charles and his authority to enter into contracts pursuant to Section 2-29 of the Code of Ordinances, in light of the provisions of Section 2-12 of the Charter of the City of Lake Charles. Specifically, you requested an opinion concerning the ability of the Mayor of the City of Lake Charles to contract and make purchases of the type set forth in Section 2-29 of the Code of Ordinances under that provision or any other provision of Louisiana Law.
Louisiana courts which have interpreted city charters or legislative grants of authority to cities have held that a mayor is generally without authority to execute a contract a debt on the part of the city absent an ordinance or resolution by the governing council authorizing him to do so. Daspit v. City ofAlexandria, 342 So.2d 683 (La.App. 3rd Cir. 1977), writ denied344 So.2d 1056 (La. 1977); Sunray Services, Inc. v. City ofMinden, 690 So.2d 970 (La.App. 2nd Cir. 2/28/97).
Because the City of Lake Charles functions under a Home Rule Charter adopted under the provisions of Article Vl, Section 5 of the Louisiana Constitution of 1974, we must look to the city charter to determine the power and authority of the mayor.
On its face, Section 2-29 of the Code of Ordinances appears to conflict with the section 2-12 of the Charter. These Sections read as follows:
Sec. 2-29. Purchasing without council approval.
 (a) The mayor of the city is hereby authorized to enter into contracts for public works, including materials and labor, for which public bids are not mandated by LSA-R.S. 38:2211, et seq., and to enter into contracts or authorize purchases for services, repairs, or both, up to and including ten thousand dollars ($10,000.00), and to purchase materials and supplies up to and including ten thousand dollars ($10,000.00) per purchase without the necessity of prior council approval by ordinance, provided that funds are budgeted for such purposes.
 (b) This section shall not apply to contracts for legal services or audit services, including such services for which written contracts and council approval are required by the Charter of the City. Furthermore, this section shall apply to contracts or purchases funded by federal or state assistance only to the extent that it does not conflict with statutes, regulations, or grant agreements applicable to such assistance.
 Sec. 2-12. Legislation — Ordinance or resolution. All actions having the force and effect of law; or any action that creates a contractual obligation of the city; or any action establishing a fine or other penalty; or any action that requires an expenditure of funds either immediately or in the future; or any action making an appropriation; authorizing the borrowing of money; levying a tax, license or other revenue measure; creating a district; establishing a rule, regulation or law for the violation of which a fine or imprisonment can be imposed; granting or revoking a franchise; or placing any burden upon or limiting the use of private property, shall be by ordinance. However, actions that must be taken pursuant to a general statutory procedure for the construction of sewerage and street paving improvements that are to be financed by local or special assessments shall be excepted from the requirements of this section and section 2-15. Actions other than those above may be taken by either ordinance or resolution at the discretion of the council.
However, Article III, Sections 3-01 and 3-08 of the Charter establish the mayor's power and authority. Sections 3-01 and 3-08 state in pertinent part as follows:
 Section 3-01 Executive authority. The mayor shall be the executive officer of the city. All executive and administrative authority shall be exercised by and through the mayor except as set forth in this chapter.
 Section 3-08 Powers and duties. The mayor in his capacity shall supervise and direct the operations of all departments of government. . . . He shall appoint all members of boards and commissions. He shall be charged with the enforcement of applicable state law, this Charter, ordinances of the city, and with the general enforcement of the law. He shall prepare and submit to the council the pay plan, the operating and capital budgets and the capital plan. He shall execute all contracts, agreements, instruments of debt and the like for which the city is obligated, except such instruments as the director of finance may be authorized to execute. He shall be the custodian of the seal of the city.
Thus, the Charter grants the mayor his general powers which allow him to execute all contracts, agreements, instruments of debt and the like for which the city is obligated. This statement of the mayor's general powers should be read to incorporate the authorization given to the mayor to enter into contracts for public works established in section 2-29 of the City's Ordinances.
Louisiana Civil Code Article 13 provides the following: "Laws on the same subject matter must be interpreted in reference to each other." All laws are presumed to be Constitutional. (Ricks v.Close 201 La. 242, 9 So.2d 534 (La. 1942))
The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. Hayden v. Richland Parish School Board,554 So.2d 164 (La.App 2d Cir. 1989), writ denied 559 So.2d 124 (La. 1990). Thus, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes.McGee v. State, 502 So.2d 121 (La.App. 4th Cir. 1986), writ denied505 So.2d 730 (LA 1987); Derouen v. Miller, 614 So.2d 1304
(La.App. 3rd Cir. 1993). The same presumption applies to a city council and the same rule of interpretation applies to city ordinances.
In conclusion, it is the opinion of this office that Section 2-29 of the City's Ordinances does not in fact conflict with the City's Charter. The City's Charter requires all contractual obligations to be authorized by resolution. Sec. 2-12. After being authorized by resolution, Sec. 3.-08 identifies the mayor as having the power and duty to execute all contracts for the city. Finally, Sec. 2-29 of Code of Ordinances is a resolution that authorizes the mayor to execute certain contracts on behalf of the city, in specific limited situations, without having to seek a separate resolution of authorization from the city council.
Should you have any further questions concerning this matter, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ VIRGINIA ANTHONY Assistant Attorney General
RPI/VAA/TD:Irs