Dear Representative Barrow,
You have requested an opinion of this office regarding whether a mayor of a city governed by the Lawrason Act can rescind a contract which was entered into by approval of a majority vote of the board of aldermen without a vote by the board of aldermen to rescind the contract.[1]
Lawrason Act municipalities are governed by La.R.S. 33:321 et seq. These statutes establish a separation of powers between the mayor and the board of aldermen. The legislative powers, including control of the public fisc, are vested in the board of aldermen. La.R.S. 33:362(A)(1). The mayor is the chief executive officer of the municipality. La.R.S. 33:362(B).
As a general rule, a mayor acting alone is without power to execute a contract binding on the city in the absence of an ordinance or resolution by the governing council authorizing him to do so. See Atty. Gen. Op. Nos. 05-0221, 04-0052, 93-283. Once the council authorizes the mayor to enter into a contract, the mayor of a Lawrason Act municipality is the sole authority to sign and execute the contract. La.R.S. 33:404(A)(4); see also Atty. Gen. Op. No. 07-0018.
This issue was specifically addressed in Sunray Services,Inc. v. City ofMinden, 29,260 (La.App. 2 Cir. 2/28/97), 690 So.2d 970, wherein the Mayor and Board of Aldermen of the City of Minden agreed to enter into a contract which gave Sunray Services the exclusive right to collect commercial and industrial garbage *Page 2 
in Minden. Sunray, 690 So.2d at 971. The mayor subsequently sent written notice of the city's intent to terminate the contract to Sunray's president. Id. at 972. In response to the mayor's letter, the city council proceeded to receive bids and awarded a new garbage collection contract to another company. Id. The court stated:
 The testimony of members of the city council and/or the sanitation committee reveals that they understood that the termination of the Sunray contract flowed from their decision to privatize both residential and commercial collection and that they approved the contents of the mayor's notice letter to Sunray. They were fully aware of the termination notice, and no effort was ever made to repudiate it. To the contrary, the city council proceeded ahead and awarded the contract for the residential collection to Waste Management.
Id. at 974. Because the court found that the mayor's termination notice was tacitly ratified by the city council, the court concluded the mayor's letter was effective to terminate the contract even though the mayor acting alone lacked such authority.
Based on Sunray, it is the opinion of this office that a mayor of a Lawrason Act municipality cannot unilaterally terminate a contract that has been approved by the board of aldermen. However, if a mayor attempts to terminate a contract and the board of aldermen tacitly ratifies his actions, a court may conclude that the contract was, in fact, terminated by the mayor's actions.[2]
We find this opinion to be consistent with and analogous to Atty. Gen. Op. No, 91-516, wherein we addressed whether a mayor could unilaterally decide to execute a change order to an existing contract. The opinion concluded that "in the absence of an ordinance or resolution granting such authority, a mayor may only sign a change order on [sic] behalf of a municipality after approval by the town council in non-emergency situations." Executing a change order has, in most cases, fewer consequences than terminating a contract. If the mayor lacks the authority to unilaterally decide to change the contract, then he certainly cannot unilaterally decide to terminate it. *Page 3 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: ____________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] We presume that the contract has a termination clause or has been breached by the other party. If a municipality terminates a contract with no legal reason for doing so, it may be liable in damages for breach of contract. This opinion does not address any breach of contract or liability issues.
[2] Ratification is a declaration whereby a person gives his consent to an obligation incurred on his behalf by another without authority. An express act of ratification must evidence the intention to be bound by the ratified obligation. Tacit ratification results when a person, with knowledge of an obligation incurred on his behalf by another, accepts the benefit of that obligation. La.C.C. art. 1842. An unauthorized contract of an agent may be ratified by the subsequent action or inaction of the principal upon being apprised of the facts. Sunray, 690-So.2d at 973.