FORET, Judge.
This action arises as a result of an automobile accident. Plaintiff, Elma Wells, filed this action against Abrahm Maddox, a member of the Louisiana National Guard, and defendant, State of Louisiana, alleging that the State of Louisiana was vicariously liable for the actions of Abrahm Maddox on the day of the accident. Following trial on the merits, the trial judge stated that he felt that Maddox may have been guilty of negligence; however, he held that in accordance with 28 U.S.C.A. § 2671, members of the national guard, while engaged in training pursuant to 32 U.S.C.A. § 502, were employees of the Federal Government. Plaintiff appealed devolutively from the judgment of the trial court.
On January 18, 1984, plaintiff was injured in a vehicular collision near Gardner, Louisiana, when the automobile she was driving was struck by a national guard 2V2 ton truck driven by Maddox. At the time of the accident, plaintiff was attempting to pass Maddox’s vehicle when it turned left and into her. Maddox was returning the truck to the national guard unit in Colfax, Louisiana. Plaintiff claimed damages from defendant on the basis that it was the employer of Maddox. Maddox was not made a party defendant.
Following trial on the merits, the trial court exonerated plaintiff from negligence and found that the accident was proximately caused by the sole negligence of the national guardsman, Maddox. The trial court also concluded that Maddox was not an employee of the State of Louisiana and stated that in accordance with the Federal Tort Claims Act the exclusive remedy for plaintiff was against the government of the United States.
*779 Plaintiff appealed the holding of the trial court and urges that the State of Louisiana, through the Military Department, is the employer of members of the national guard engaged in training under the provisions of 32 U.S.C.A. § 502.
28 U.S.C.A. § 2671 of the Federal Tort Claims Act was amended by the United States Congress in 1981 to include as employees of the Federal Government those national guardmen engaged in training or duty. It provides in pertinent part:
“ ‘Employee of the government’ includes officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.
‘Acting within the scope of his office or employment, ’ in the case of a member of the military or naval forces of the United States or a member of the National Guard as defined in section 101(3) of title 32, means acting in line of duty.” (Emphasis added.)
32 U.S.C.A. § 502, in pertinent part, provides as follows:
“(a) Under regulations to be prescribed by the Secretary of the Army or the Secretary of the Air Force, as the case may be, each company, battery, squadron, and detachment of the National Guard, unless excused by the Secretary concerned, shall—
(1) assemble for drill and instruction, including indoor target practice, at least 48 times each year; and
(2) participate in training at encampments, maneuvers, outdoor target practice, or other exercises, at least 15 days each year.”
lt was this federally required drill and instruction in which Abrahm Maddox was participating on the day of his accident with the plaintiff.
It is well settled in Louisiana’s jurisprudence that in determining the existence of an employer/employee relationship the most important element to be considered is the right of control and supervision over an individual. Savoie v. Fireman’s Fund Ins. Co., 347 So.2d 188 (La.1977).
The record here discloses that Maddox was employed and paid by the Federal Government. Additionally, Sgt. Floyd Hooks, a member of the United States Army, who was assigned to Maddox’s national guard unit, testified at trial that all national guardmen are selected and approved by the Federal Government, not the defendant. He stated that the rules and regulations relative to the qualification of guards, promotion and discipline, and assignment and transfer of guards are promulgated by the Federal Government and not the defendant. Finally, he stated that Federal Government officials determine the job assignments of members of the national guard engaged in the type of training that Maddox was engaged in. Plaintiff submitted no evidence which showed that either the defendant or a state officer supervised Maddox on January 18, 1984. Also, plaintiff introduced no factual evidence showing that the defendant had the power to control the activities of Abrahm Maddox. Plaintiff basically presented no factual evidence which either suggested or proved the existence of an employment relationship between Maddox and defendant on January 18, 1984.[1]
As has been many times declared by the several courts of this State, probabilities, surmises, speculations, and conjectures cannot be accepted as sufficient grounds to justify recovery on the part of a plaintiff who is charged with the burden of proof. Pinkney v. Cahn Inv. Co., 32 So.2d 345 (La.App. 2 Cir.1947).
*780 DECREE
For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
AFFIRMED.

. For the latest expression from this Court on the status of Louisiana national guardmen vis-a-vis worker’s compensation claims and tort Ha-bility of the State, see Menard v. The Military Department, 520 So.2d 948 (La.App. 3 Cir.1987).