|1WALTZER, Judge.
Relator seeks review of the trial court’s judgment granting in part defendants’ exceptions of no cause of action and no right of action, insofar as the plaintiffs third supplemental petition refers to claims of discrimination against various protected classes of which plaintiff is not a member.
The exception of no cause of action is determined by examination of the well-pleaded allegation of the petition to determine whether a claim cognizable at law has been stated. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931. Therefore, this Court has not considered the deposition testimony offered by Relator in his application for supervisory relief.
A trial court, in considering an exception of no cause of action in multi-claim litigation in which the court might rule in favor of the exceptor on less than all claims or on the rights of less than all parties, must first determine whether (1) the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence, or (2) the petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or ^occurrences. If the former, the court should overrule the exception of no cause of action when the petition states a cause of action as to any demand or theory of recovery. If the latter, the court should maintain the exception in part. A judgment maintaining in part an exception of no cause of action may be reviewed on application for supervisory writs if Relator has shown that an immediate review may materially advance the termination of the litigation. Otherwise, the causes of action affected by the interlocutory judgment may be reviewed on appeal. Everything on Wheels v. Subaru South, Inc., 616 So.2d 1234, 1242 (La.1993).
We decline to exercise our supervisory jurisdiction as to the judgment granting in part defendants’ exception of no cause of action. Relator has not shown that immediate review may materially advance the termination of *838 the litigation, and has an adequate remedy on appeal.
An action can be brought only by a person having a real and actual interest which he asserts. La.C.C.P. art. 681. Where the plaintiff who seeks the relief for himself is not the person, or a member of a class of persons, in whose favor the law extends the remedy, the proper objection is an exception of no right of action, which raises the question whether plaintiff has any interest in judicially enforcing the asserted right. Cox Cable New Orleans, Inc. v. The City of New Orleans, 624 So.2d 890, 895-96 (La.1993).
Relator’s second supplemental petition asserts claims of discrimination against inter alia “American Indians, women and blacks,” in addition to claims of discrimination against Lebanese persons and foreigners. We decline to grant supervisory relief to reverse the trial court’s judgment granting defendants’ exception of no right of action dismissing Relator’s claims for discrimination against classes of persons to which he does not Isbelong. Relator has not shown that he has standing to claim damages for discrimination against women, American Indians or African-Americans.

WRIT DENIED.