ROSEMARY LEDET, Judge.
11 This is a workers’ compensation case. The sole issue presented is whether the workers’ compensation judge (“WCJ”) erred in finding the appellants, three National Guardsmen (the “Guardsmen”) who were injured while on active duty in New Orleans after Hurricane Katrina,[1] lack a right of action under La. R.S. 23:1211 and thus granting summary judgment in favor of the defendant, the State of Louisiana. Finding the Guardsmen have a right of action, we reverse and remand.

*793
FACTUAL AND PROCEDURAL BACKGROUND

In anticipation of the imminent landfall of Hurricane Katrina, Governor Kathleen Babineaux Blanco issued a proclamation declaring a state of emergency on August 26, 2005. In two subsequent proclamations, Governor Blanco extended the state of emergency to November 24, 2005. At Governor Blanco’s request, the National Guard was ordered into the New Orleans area. Initially, the National Guard was activated under state active duty. However, at Governor Blanco’s ^request, Gordon England, acting Secretary of the Army and Acting Secretary of the Air Force, by memorandum dated September 7, 2005, approved “[federal funding for use of the National Guard in Title 32 U.S.Code status to support Hurricane Katrina disaster relief efforts retroactive to August 29, 2005.”
During the state of emergency (on November 6, 2005), the Guardsmen were injured in a motor vehicle accident in New Orleans. The accident occurred when the HMMWV in which the Guardsmen were riding collided with another vehicle. The driver of the other vehicle died at the scene; the Guardsmen suffered personal injuries. The Guardsmen applied for and received federal benefits for the injuries they sustained in the accident. In August 2009, the Guardsmen each filed a disputed claim for compensation with the Louisiana Department of Labor, Office of Workers’ Compensation seeking special compensation benefits pursuant to La. R.S. 28:1211. In response, the State filed a peremptory exception of no right of action.[2] In March 2010, the WCJ consolidated the Guardsmen’s actions and denied the State’s exception of no right of action. This court denied the State’s writ applications.[3] Thereafter, the State filed a motion for summary judgment, which the WCJ granted. This appeal followed.

DISCUSSION

The standard of review in this case is de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750 (holding that a | %de novo standard applies in reviewing a trial court’s decision granting summary judgment); Fortier v. Hughes, 09-0180, p. 2 (La.App. 4 Cir. 6/17/09), 15 So.3d 1185, 1186 (holding that “[pjeremptory exceptions raising the objection of no right of action are reviewed de novo on appeal as they involve questions of law.”)
The sole issue on appeal is whether the WCJ erred in granting the State’s motion for summary judgment on the basis that the Guardsmen lack a right of action under La. R.S. 23:1211. At the time of the accident in question,[4] La. R.S. 23:1211 provided as follows:
A, Every member of the National Guard who is accidentally injured, or his dependents if he is accidentally killed, while on active duty during a state of emergency declared by the governor and for the duration of such emergency as declared by the governor, shall be *794 compensated by the state in accordance with the workers’ compensation law, including but not limited to such medical, surgical and hospital services and medicines and such disability and death benefits as are authorized by said workers’ compensation law.
B. No compensation shall be paid by the state for injury or death occurring while in the service of the United States of America or while going to or returning from this service.
C. No compensation shall be paid unless the injury or death arose out of and in the course of service while on active duty during a state of emergency declared by the governor and only for the duration thereof and for no other kind of service whatsoever. Before any claim is certified for payment, proof that the applicant is entitled to payment shall be made in accordance with regulations prescribed by the adjutant general....
D. Except as provided in Subsection C hereof, the provisions of this section and of no other law shall govern the compensation benefits payable to members of the national guard.
|/The Guardsmen contend that they meet all the requirements set forth in La. R.S. 28:1211: they were injured while on active duty during a state of emergency declared by the governor. The Guardsmen point out that the Legislature, in enacting La. R.S. 23:1211, did not qualify the receipt of benefits on either a lack of Title 32 status or a lack of receipt of federal benefits. Citing McGee v. State, 502 So.2d 121 (La.App. 4 Cir.1986), the Guardsmen further point out that this court expressly declined to read into La. R.S. 23:1211 a qualification based on a lack of receipt of federal benefits. The Guardsmen thus contend that the trial court erred in finding they lack a right of action.
The State counters that pursuant to La. R.S. 23:1211(B), the Guardsmen lack a right of action because they were injured “while in the service of the United States of America.” According to the State, the Guardsmen lost their state service status when they were called into federal service under federal law, Title 32. Given that the Guardsmen were injured while on federal-Title 32 duty, were paid federal benefits, and were federal employees, the State contends that the Guardsmen are not entitled to state workers’ compensation benefits. In support, the State cites 10 U.S.C. § 12602(b)(2),[5] which defines active duty-Title 32 status as federal service. The State also cites the Federal Tort Claims Act, 28 U.S.C.A. § 2671 (“FTCA”),[6] which defines a National Guard member in Title 32 status as a federal employee. The State also cites La. R.S. 29:23.1 and Wells v. State Through Military Dep’t, 524 So.2d 778 (La.App. 3rd Cir.1988), as recognizing this distinction.
The State submits that it is illogical to classify a National Guard member serving in Title 32 status as a federal employee subject to the FTCA when a third party is injured, but as a state employee eligible *795 for state workers’ compensation benefits when the National Guard’s member himself or herself is injured. According to the State, the most important proof it submitted in support of its motion for summary judgment was the deposition testimony of one of the Guardsmen (Mr. Williams) that the Guardsmen were “on federal orders and we were actually commissioned to carry weapons, wear body armor.” The State thus contends that the trial court correctly found the Guardsmen lack a right of action under La. R.S. 23:1211.
In order to have a right of action under the applicable law (La. R.S. 23:1211 as it read in November 2005), the Guardsmen were required to prove five factors: (1) that they were national guard members, (2) who were accidentally injured, (3) while on active duty, (4) during a state of emergency declared by the governor, and (5) while not “in the service of the United States of America or going to or returning from this service.” For purposes of the State’s motion for summary judgment the only element disputed was the fifth one: whether the Guardsmen were in federal service.
Although a National Guard member in Title 32 status is defined by statute as a federal employee for the purpose of receiving federal benefits and for determining FTCA coverage, these statutory definitions are inapposite to the issue presented in this case of whether the Guardsmen were in state (not federal) service and thus entitled to state workers’ compensation benefits. The issue is one of state |,;law regarding the meaning of the state workers’ compensation statute. Because this is a legal issue, the State’s reliance on the deposition testimony of one of the Guardsmen as establishing their federal service status is misplaced.
It is undisputed that the Guardsmen were serving in Title 32 status at the time of the accident. Title 32 status is one of three legally distinct statuses under which a National Guard member may be called into duty. The other two statuses are state active duty and federal Title 10 status. Explaining these three statuses in his report regarding the response to Hurricane Katrina, Lawrence Kapp, Specialist in National Defense; Foreign Affairs, Defense and Trade Division, stated:
In response to disasters and civil disorders, [state] governors can order National Guard personnel to perform full-time duty, commonly referred to as “state active duty.” In this state capacity, National Guard personnel operate under the control of their governor, are paid according to state law, can perform typical disaster relief tasks and are not subject to the restrictions of the Posse Comitatus Act (that is, they can perform law enforcement functions). National Guard personnel called to assist with disaster relief operations for Hurricane Katrina were originally called to duty in a state active duty status by their respective governors....
Another way in which National Guard personnel can be activated and remain under the control of their governor is under the authority of 32 U.S.C. 502(f). This provision of federal law provides that “a member of the National Guard may ... without his consent, but with the pay and allowances provided by law ... be ordered to perform training or other duty in addition to [inactive duty for training or annual training].” The advantage of using this authority is that the National Guard personnel called will receive federal pay and benefits and are entitled to certain legal protections as though they were in federal service, but they remain under the control of their governor and are therefore not subject *796 to the restrictions of the Posse Comita-tus Act....
Shortly after Katrina, [a request was granted on September 7, 2005,] to approve the retroactive transfer of all National Guard personnel participating in Katrina-related disaster operations from state active duty to duty under Title 32. The purpose of this request was to equalize pay and benefits for all National Guard personnel rather than having their compensation based on disparate state and territorial laws....
National Guard personnel can also be activated in a purely federal status. For example, under 10 U.S.C. § 12304, the President can call up to 200,000 |7members of the National Guard (and other reserve components) into federal service if he determines it necessary “to augment active forces for any operational mission.” In this federal status, National Guard personnel operate under the control of the President, receive federal pay and benefits, and can perform typical disaster relief tasks. However, in this status they generally are subject to the restriction of the Posse Comitatus Act: that is, they cannot perform law enforcement functions unless expressly authorized by the Constitution or an act of Congress.
CRS Report for Congress: Hurricane Katrina: DOD Disaster Response, (9/9/05) at pp. 6-9 (available at http:llwww.fas.org/sgp/ crs/natsec/RLHI3095.pdf)(Eimph&sis supplied).
At the time of the accident, the Guardsmen were serving in Title 32 status under the command of the Governor of Louisiana. The dispositive issue is whether Title 32 status is federal service, ie., “in the service of the United States of America,” under La. R.S. 23:1211(B). The phrase “in the service of the United States of Amer-ica” has been in La. R.S. 23:1211 since it was originally enacted in 1968 and appeared in former La. R.S. 29:39 (1950), which La. R.S. 23:1211 replaced. This phrase, however, is not defined in the statute. To determine the meaning of this phrase an analysis of the constitutional and statutory background of the National Guard is required.
The National Guard is a “hybrid” organization. United States v. Hutchings, 127 F.3d 1255, 1258 (10th Cir.1997). It includes “two overlapping but distinct organizations” — the National Guard of the individual States and the National Guard of the United States of America. Perpich v. Department of Defense, 496 U.S. 334, 345, 110 S.Ct. 2418, 110 L.Ed.2d 312 (1990). Explaining the National Guard’s dual enlistment requirement, the Supreme Court in Perpich noted that “[s]ince 1933 all persons who have enlisted in a State National Guard unit have simultaneously enlisted in the National Guard of the United States.” Id. Citing various provisions of Title 10 |sof the United States Code, the Supreme Court further noted that “Congress has by distinct statutes provided for activating the National Guard of the United States and for calling forth the militia, including the National Guards of the various States.” Id. at 350 n. 21, 110 S.Ct. 2418. The Supreme Court still further noted that during the period of active federal duty, “[t]he state affiliation is suspended in favor of an entirely federal affiliation.” Id. at 349, 110 S.Ct. 2418.
National Guard members are not in the service of the United States “unless and until ordered to active duty” or federalized. Clark v. United States, 322 F.3d 1358, 1366 (Fed.Cir.2003)(quoting Perpich, 496 U.S. at 345, 110 S.Ct. 2418). “[A] National Guard member is only on federal ‘active duty’ as a member of the United States Army when called to federal service pursuant to Title 10.” Baccus v. N.C. *797 Dep’t. of Crime Control and Public Safety, 195 N.C.App. 1, 13, 671 S.E.2d 37, 44 (2009). Not until “that triggering event occurs does a Guardsman become a part of the Army and lose his status as a state serviceman.” Gilbert v. United States, 165 F.3d 470, 473 (6th Cir.1999) (quoting United States v. Hutchings, 127 F.3d 1255, 1258 (10th Cir.1997)).
To demonstrate the basic concept that a National Guard member is in state service and retains his or her state service status except when formally called into federal service, the Supreme Court in Perpich provided the following “hat” analogy: all National Guard members “must keep three hats in their closets — a civilian hat, a state militia hat, and an army hat — only one of which is worn at any particular time.” Perpich, 496 U.S. at 348, 110 S.Ct. 2418. The issue of whether a National Guard member is in federal or state service status turns on “which ‘hat’ (state militia or Army) is being worn.” Steven B. Rich, The National Guard, Drug Interdiction | c,and Counterdrug Activities and Posse Comitatus: The Meaning and Implications of "in Federal Service,” 1994 Army Law. 16, 40 (hereinafter “Rich”).
In Gilbert, supra, the court addressed the issue of whether the use of National Guard members serving in Title 32 status as part of an anti-drug task force violated the Posse Comitatus Act. The Act prohibits the use of the federal army to perform civil law enforcement functions. Because the Act only applies to National Guard members called into federal service, the dispositive issue in Gilbert was whether the National Guard members were in federal service. The criminal defendant argued that since the National Guard members were serving in full-time capacity under Title 32 and were being compensated with federal funds they were in federal service. Rejecting that argument, the court reasoned:
These circumstances are immaterial: “[t]he issue of status depends on command and control and not on whether: state or federal benefits apply; state or federal funds are being used; the authority for the duty lies in state or federal law; or any combination thereof.” Rich, supra, at 19. “Although National Guard members receive federal pay and allowances ... while performing full-time National Guard Duty,” they remain members of the state National Guard and not members on active duty in federal service with the United States Army. Id.
Gilbert, 165 F.3d at 473. The court thus held that the National Guard members were not in federal service and that the Act did not apply.
In the instant case, the State makes a similar argument that because the Guardsmen were activated under Title 32, a federal law, and received federal benefits they were in federal service. Rejecting that argument, we note, as the commentator cited in Gilbert points out, that “[although one might argue that the federal funding and resources, federal statutory and regulatory authority, and certain federal protections and benefits make the Guard a de facto federal organization, the constitutional and legal separation remains clear.” Rich, supra at [1043. While the Guardsmen were in Title 32 status, the duty they were performing was “in the capacity of the state National Guard, and this remains true regardless of resourcing by the federal government.” Id.; see also Hutchings, supra, (noting that a National Guard member’s Title 32 status demonstrates his assignment is “a state-controlled, not a federal, assignment.”)
Based on the above background, we construe the phrase “in the service of the *798 United States” in La. R.S. 23:1211(B) to mean a National Guard member serving in a purely federal status under Title 10, i.e., wearing an “army hat.” Because the Guardsmen were not “in the service of the United States,” they have a right of action under La. R.S. 28:1211.

DECREE

For the forgoing reasons, the judgment of the workers’ compensation judge granting the State’s motion for summary judgment is reversed; and this matter is remanded for further proceedings.
REVERSED AND REMANDED

. The appellants are Michael Parker, Peter Reyes, and Bryce Williams. A fourth National Guardsman who also filed a workers' compensation claim, Troy Serpas, did not join as an appellant in this appeal.

. The State also filed a peremptory exception of prescription, but it withdrew that exception.

. Parker v. State of Louisiana, 10-0578 (La.App. 4 Cir. 5/26/10)(unpub.); Williams v. State of Louisiana, 10-0579 (La.App. 4 Cir. 5/26/10)(urzpith.); Reyes v. State of Louisiana, 10-0580, (La.App. 4 Cir. 5/26n0)(unpub.); Serpas v. State, 10-C-0581 (La.App. 4 Cir. 5/26/10){unpub.). As noted elsewhere, one of the claimants, Mr. Serpas, is not a party to this appeal.

.The general rule is that the law in effect at the time of the work-related accident governs in workers’ compensation cases. Frith v. Riverwood, Inc., 04-1086, p. 11 (La. 1/19/05), 892 So.2d 7, 14.

. 10 U.S.C. § 12602(b)(2) provides:
(b) For the purposes of laws providing benefits for members of the Air National Guard of the United States and their dependents and beneficiaries — ...
(2) full-time National Guard duty performed by a member of the Air National Guard of the United States shall be considered active duty in Federal service as a Reserve of the Air Force....

. Under the FTCA, an " '[ejmployee of the government' includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32.” 28 USCA § 2671.