MADELEINE M. LANDRIEU, Judge.
| ¡.The plaintiffs, Betty Ann Porche and Stanley P. Stewart, appeal the district court’s granting of the Exception of No Right of Action raised by the defendant, Letitia Mott. For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
Ms. Porche and Mr. Stewart filed suit against Ms. Letitia Mott and Easy Money, Inc. [“Easy Money”] to annul the tax sale and subsequent confirmation of title to property located at 6310-6312 Marais Street in New Orleans. In response to the suit, Ms. Mott filed an exception of no right of action contending that Ms. Porche and Mr. Stewart did not have a right to receive notice of the tax sale. The exception was heard by the trial court on February 22, 2013.
Evidence heard on the exception established the following facts. On May 30, 1991, Ms. Porche and Mr. Stewart entered into a bond for deed contract with Easy Money for the sale of the property. The contract, duly recorded in the Orleans Parish conveyance and mortgage records, provided that Ms. Porche and Mr. Stewart pay Easy Money an initial cash payment of $1,100.00 and monthly installments of $146.62 until May 30, 1996. The bond for deed contract further provided that title to the property would transfer from Easy Money to Ms. Porche and Mr. Stewart after they made all the payments required of them. In order to ensure that title would transfer, the contract contained a “special mortgage” clause in favor of Ms. Porche |sand Mr. Stewart. This provision was to ensure the “full and faithful performance of the seller” in the event Ms. Porche and Mr. Stewart made all the payments, but Easy Money did not transfer title. The bond for deed contract also obligated Ms. Porche and Mr. Stewart to pay all taxes assessed against the property beginning in 1991.
The taxes on the property became delinquent in 2005. In 2007, the property was sold in a tax sale to Letitia A. Mott. Easy Money had proper notice of the tax sale; Ms. Porche and Mr. Stewart had no notice. On July 25, 2011, Ms. Mott filed a petition to quiet tax title, naming Easy Money as the defendant. In her petition, Ms. Mott alleged that she had purchased an undivided one hundred percent interest in the property on November 26, 2007. The petition also alleged that Easy Money had been notified of the sale and that a review of the mortgage records had indicated there were no other encumbrances affecting the property. Pursuant to Article VII, Section 25 of the Louisiana State Constitution, Ms. Mott asserted that the three-year prescription period to quiet title had lapsed. Easy Money was absent from the proceeding, and an attorney was appointed to represent it. The trial court entered judgment in favor of Ms. Mott on July 27, 2012.
*119 Following the judgment, in October 2012, Ms. Mott filed a petition for permanent injunction against Ms. Porche and Mr. Stewart enjoining them from using the property. Ms. Porche and Mr. Stewart had maintained an above-ground swimming pool on the property. On December 27, 2012, Ms. Porche and Mr. Stewart filed a petition against Ms. Mott and Easy Money to annul the tax sale and the judgment confirming title on the grounds that they had not been given notice of |4the sale. The two cases were consolidated on January 8, 2013. Ms. Mott filed an Exception of No Right of Action on the grounds that Ms. Porche and Mr. Stewart were not entitled to notice of the tax sale. The exception was granted on April 25, 2013. This appeal follows.
STANDARD OF REVIEW
We review the district court’s decision granting the exception of no right of action de novo as it involves questions of law. Parker v. State, 11-1475, p. 1 (La.App. 4 Cir. 3/7/12), 86 So.3d 791, 793, writ denied, 12-957 (La.6/15/12), 90 So.2d 1067.
ASSIGNMENT OF ERROR
Ms. Porche and Mr. Stewart appeal the granting of Ms. Mott’s Exception of No Right of Action on the grounds that the City of New Orleans Tax Collector did not properly provide notice of the tax sale and subsequent confirmation as required by the United States Supreme Court decision in Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and by La. R.S. 47:2180.
DISCUSSION
Ms. Porche and Mr. Stewart argue that the trial court erred in granting Ms. Mott’s Exception of No Right of Action. La.C.C.P. art. 681 states “[ejxcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.” The exception of no right of action “raises the question whether the plaintiff has any interest in judicially enforcing the asserted right.” Sattar v. Royal Sonesta, Inc., 95-0372 (La.App. 4 Cir. 4/26/95), 654 So.2d 836, 838; Greenbriar Nursing Home, Inc. v. Pilley, 93-2059 (La.5/23/94), 637 So.2d 429, 434. On an exception of no right of action, the parties may introduce 15evidence to support or controvert the exception. La. C.C.P. art. 931. In support of her exception, Ms. Mott presented evidence of the tax bill addressed to Easy Money, the tax sale deed, and the tax sale redemption notice addressed to Easy Money. Ms. Porche and Mr. Stewart did not present any evidence to establish their right to notice. Significantly, they presented no evidence of any installment payments or that they had paid taxes on the property as required by the bond for deed contract. Further, it is clear from the evidence that title to the property never transferred from Easy Money to Ms. Porche and Mr. Stewart.
Notice Requirement of Mennonite
Ms. Porche and Mr. Stewart argue that they have a right of action because they were not given notice of the tax sale. In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the United States Supreme Court held that prior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide “notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” In Mennonite, the United States Supreme Court expanded the notice requirement to mortgagees by holding that “[sjince a mortgagee clearly has a legally protected property inter *120 est, he is entitled to notice reasonably calculated to apprise him of a pending tax sale.” Mennonite Board of Missions v. Adams, 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983).
Ms. Porche and Mr. Stewart argue that they have a duly recorded mortgage and therefore have a legally protected interest in the property. The central issue in |fithis case is whether the “special mortgage” included in the bond for deed contract triggers the notice requirement provided for in Mennonite. We find that it does not.
A bond for deed contract is defined in La R.S. 9:2941 as “a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer.” Here, the plaintiffs entered into such a contract with Easy Money. Under the terms of the contract, the plaintiffs made a down payment to Easy Money and were to make monthly installment payments through May 30, 1996. After all the payments were completed, Easy Money was to transfer title of the property.
Included in the bond for deed contract was a special mortgage in favor of the plaintiffs in the event Easy Money did not comply with its obligation to transfer title after all of the payments were made. The bond for deed contract stated:
SPECIAL MORTGAGE: In order to secure the full and faithful performance of the foregoing obligation of the Seller to deliver title to the above described property, Seller does by these presents further specially mortgage and hypothe-cate the hereinabove property unto and in favor of Purchaser, herein, and the Purchaser’s successors and assigns. This special mortgage in favor of Purchaser and Purchaser’s successors and its assign, now herein granted by Seller, is separate, distinct, and in addition to the mortgage(s) described above.
Ms. Porche and Mr. Stewart argue that this special mortgage falls under Mennonite, and therefore notice was required. The trial court, in its reasons for judgment, stated that their reliance on Mennonite was misplaced because it assumed that there was an actual mortgage recorded in favor of the appellants. We agree. Although the contract includes the word “mortgage,” it does not provide for a mortgage as contemplated by the Court in Mennonite. Mennonite, as well as every other case relied upon by the appellants, involves a traditional mortgage. The |7special mortgage provided for in the bond for deed contract is not a traditional mortgage. Rather, it is conditional. The “special mortgage” is a form of security to guarantee that the title of the property will be transferred once certain conditions have been met (that is, once all the installment payments have been made). Because this type of mortgage is conditional, even though the bond for deed contract is recorded, the mortgage may never come into being.[1] Therefore, this type of “mortgage” does not fall under the ambit of Mennonite. Accordingly, Ms. Porche and Mr. Stewart’s rights to due process were not violated by their failure to receive notice of the tax sale.
Statutory Notice Requirement under La R.S. 47:2180
Ms. Porche and Mr. Stewart also argue that they were required to receive notice under La. R.S. 47:2180. They are incorrect. At the time the tax sale took *121 place, La. R.S. 47:2180 provided in pertinent part:
(l)(a) On the second day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event that the record owner is deceased, written or printed notice in the manner provided herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice or that property will be sold according to law.
The statute does not create an affirmative duty to search the mortgage and conveyance records prior to a tax sale. The statute only requires that the tax collector provide notice to each person to whom taxes have been assessed or to the record title owner. At the time that the taxes became delinquent, Easy Money was the record title owner. Although the bond for deed contract required Ms. Porche |sand Mr. Stewart to pay the taxes, there is no evidence that they did pay the taxes; therefore, the taxes continued to be assessed in the name of Easy Money. The City of New Orleans and/or Ms. Mott did not violate this statute by failing to provide notice to the appellants.
CONCLUSION
Accordingly, for the reasons stated, we affirm the judgment of the district court.
AFFIRMED.

. In this case, for example, Ms. Porche and Mr. Stewart did not put forth evidence to show that they had made any installment payments.